# CHARLESTON.

BUTCHER *et al.* v. KUNST *et al.*

Submitted September 4, 1908.   Decided March 23, 1909.

1. APPEAL AND ERROR—*Decisions Reviewable—Finality.*
    Where an appeal from a judgment or order of a county court appointing or refusing to appoint an administrator, has been allowed by and docketed in a circuit court, and the person appealing has right of appeal, the order of dismissal thereof by the circuit court, as improvidently awarded, will be treated as a final judgment, from which a writ of error will lie to this Court. (p. 388.)

2.  EXECUTORS AND ADMINISTRATORS—*Persons Entitled to Act—Non-resident.*

    A distributee of the estate of one dying intestate in this state, and who would, if a resident of this state, be entitled to precedence in administration, and, as the law was prior to 1903, would notwithstanding such non-residence have been entitled to administer on such estate, is now by amendment of section 3258, Code 1906, by chapter 13, Acts 1903, wholly disqualified to act as such administrator. (p. 390.)

3.  SAME—*Appointment—Review—Persons Entitled.*

    But though such non-resident distributee be disqualified by non-residence to act as administrator, nevertheless his interest as distributee entitles him to be heard, by protest, objection and advice in the appointment of a proper and competent person, with right of appeal to the circuit court, and writ of error to this Court, where there has been any abuse of the discretion of the court below in such appointment. (p. 390.)

4.  ABATEMENT AND REVIVAL—*Death of Plaintiff in Error—Effect.*

    On the death of such non-resident distributee, pending a writ of error brought by him to this Court, though such death be suggested on the record of this Court, and order be made reviving the cause in the name of his next of kin or next friend by whom the writ of error is prosecuted, the case may be heard and disposed of here on its merits, upon the writ of error as originally awarded, without reference to such death, as provided by section 3900, Code 1906. (p. 390.)

5.  EXECUTORS AND ADMINISTRATORS—*Failure of Distributee to Apply—Appointment of Creditor.*

    By authority of section 3258, Code 1906, if no distributee of an estate apply for administration within thirty days from the death of the intestate, the county court may grant administration to a creditor, or to any other person, without waiting for an adjudication as to the sanity or insanity of a resident or non-resident distributee thereof, the statute imposing no such limitations on the appointing authority. (p. 391.)

6.  SAME—*Two Grants of Administration.*

    While the general rule is that there can not be two valid grants of administration on the same estate at the same time, within the same state jurisdiction, and the second is a nullity, while the first continues, yet such rule is inapplicable to the case of a temporary commitment of such estate to the sheriff as curator thereof, pending the determination of the right of administration by the county court. (p. 391.)

7.  SAME—*Administration—Persons Entitled.*

    While the county court may rightfully require evidence of

a creditor's claim, as a condition precedent to his appointment as administrator of an estate, yet, as the statute authorizes the appointment of any other person, if such appointee be not in fact a creditor, if he be otherwise competent to act, his appointment will not be invalid. (p. 392.)

8. SAME—*Review—Discretion of Court.*

An order of the county court appointing an administrator, whether distributee, creditor, or other person, will not be set aside on writ of error to this Court, unless it plainly appears that there was abuse of the discretion of the county court in making such appointment. (p. 393.)

9. JUDGMENT—*Validity—Disqualification of Judge.*

The rule in this State is that a judgment pronounced by a judge disqualified by personal interest to give judgment is not void but voidable only, as being a decree not according to law, and to be set aside only when brought under review and objection taken at the proper time. (p. 393.)

10. QUESTION NOT DECIDED.

Quære: Where two or three commissioners of a county court are interested so as to be disqualified by reason thereof to give judgment in the matter of appointment of an administrator, there being no provision of law for calling in another commissioner, and no other tribunal with jurisdiction to make such appointment, would not they *ex necessitate* have jurisdiction to sit in judgment? (p. 394.)

[ROBINSON, JUDGE, absent.]

Error to Circuit Court, Taylor County.

Contest to determine the right and priority to administration of the estate of Adolphus Armstrong, deceased, between Louisa Butcher and others and G. H. A. Kunst and others. From the final order of the county court appointing Kunst administrator of the estate, Louisa Butcher and such others appealed to the circuit court, which court dismissed the appeal, and Louisa Butcher and such others bring error. On death of said Louisa Butcher pending hearing on writ of error, said cause was revived and proceeded in by George Wooffter and others as her heirs and next of kin.

*Affirmed.*

DENT & DENT, B. F. BAILEY, and C. P. GUARD, for plaintiffs in error.

JOHN L. HECHMER, for defendants in error.

MILLER, PRESIDENT:

This case had its origin in a contest over the right and priority of administration of the estate of Adolphus Armstrong, deceased, begun in March, 1907, in the county court of Taylor county and continued on appeal of Louisa Butcher by George Woofter and others, her next of kin, to the circuit court of said county, from the final order of the said county court appointing, on motion of creditors, and others, G. H. A. Kunst, administrator of said estate. The case is here upon a writ of error to the judgment of the said circuit court dismissing said appeal.

.On June 13, 1908, since the case was docketed here, the death of Louisa Butcher, pending this writ of error, being suggested, on motion of said Woofter and others, it was ordered that the case be revived and proceeded in in their names in place of said Louisa Butcher.

On final hearing, September 4, 1908, said Kunst moved the court as follows: First, to require plaintiffs in error to mature the case as to L. E. Matz, not served with process; second, to require plaintiffs in error to amend their petition so as to bring in as defendants, Eugene Sommerville, and L. E. Matz, the latter in his representative capacity; third, to set aside the order of revival herein, and, in support thereof, exhibited a certified copy of the will of said Louisa Butcher, and of the order of the county court of said Taylor county appointing W. B. Lynch, executor; fourth to dismiss the writ of error and *supersedeas*, on the ground that the judgment appealed from, dismissing the appeal as improvidently awarded, is not a final judgment on the principles of the cause, from which an appeal lies to this Court.

So far as the record shows Matz has no individual interest to subserve, wherefore not a necessary party. He appeared by petition in the county court as foreign guardian of the said Louisa Butcher, appointed by the probate court of Monroe county, Ohio, which court also adjudged her an imbecile and incapable of taking care of and preserving her property, and also joined in the motion of creditors to appoint said Kunst, administrator. The death of Louisa Butcher annulled the authority of the said Matz, as a representative of deceased, and therefore he is no longer a necessary party. In the county court Eugene Sommer-

ville appeared by petition, claiming right of administration by virtue of a power of attorney and nomination therein of said Louisa Butcher, and also filed a protest in writing against the appointment of any other person. He did not appeal from the order appointing said Kunst, and has not appeared to cross assign errors in this Court. The question of Sommerville's right of administration, and the questions presented by the other motions are all involved in the merits of the controversy presented upon this writ of error, if the judgment below was final, so as to give us jurisdiction, and need not be separately considered.

The order of the circuit court was that the appeal be dismissed as improvidently awarded. It is argued on behalf of Kunst that this order was in effect only a refusal of the appeal, and not an adjudication of the rights of the parties, and that no appeal having been applied for or allowed by a Judge of this Court, as provided by section 3634, Code 1906, and there being no final adjudication by the circuit court this Court is without jurisdiction of the case and the writ of error should be dismissed. We do not think this position well founded. An appeal was allowed by the circuit court, and if appellant, Louisa Butcher, had right of appeal from a judgment denying her right and priority of administration, or right to nominate said Sommerville, or right of protest against the appointment of said Kunst, she had right of appeal to the circuit court by virtue of section 1261, Code 1906, and to writ of error to this Court by virtue of section 4038, Code 1906, entitling her to a writ of error to the judgment or order of the circuit court, in controversy concerning the probate of a will or the appointment of a personal representative, guardian, committee or curator.

In *Bridgman v. Bridgman,* 30 W. Va., 212, 216, a like order of the circuit court dismissing an appeal was treated as equivalent to the affirmance of the order of the county court, and we think we should so treat the judgment in this case. The dismissal of the appeal, so far as the record shows, could have been upon no other ground except want of error in the judgment of the county court. That judgment was final and determined the right of administration as between the contestants. And although the motion may not have been well founded, and the court may have given a wrong reason for its judgment, it must

necessarily be treated as final and conclusive, and from which a writ of error may be prosecuted to this Court.

So far as the record shows Louisa Butcher was the sole heir and distributee of the estate of Adolphus Armstrong. She was a very old woman, some eighty years of age, and being of weak mind, insane, according to her West Virginia next of kin, and an imbecile in the judgment of her appointees, Sommerville and Wilson, and of the probate court of Ohio; and being about to come into possession of an estate of some two or three hundred thousand dollars, it was natural that she should suddenly develop many friends, next of kin, and without kinship, ready and anxious, voluntarily or involuntarily, to help her manage and dispose of it. Sommerville and his co-appointee, Wilson, were quick in securing a power of attorney from her, making them her agents to collect, manage, sell and convey said property, and nominating them as administrators of the estate of said Armstrong. Woofter and others, her West Virginia friends and next of kin, and prospective heirs were naturally interested, and on their motion in said county court, prior to the appointment of said Kunst, the estate of said Armstrong was by said county court, pending the question of the right and priority of administration, and the appointment of a personal representative, committed to the sheriff as curator thereof, and who, so far as this record shows, is now in charge of it. In the proceedings before the county court these two sets of friends and representatives were opposed to each other, and there was a third friend, Matz, who having had himself appointed guardian in Ohio, took the side of Kunst, joining in the motion of creditors for his appointment as administrator.

Sommerville and Wilson on the one side, and Woofter and others, appellants, on the other, though hostile, in the proceedings before the county court, claim right of priority of administration by right of nomination of said Louisa Butcher and of her supposed rights to precedence as sole distributee; and it is by virtue thereof that Woofter and others appeared and protested before the county court, and afterwards appealed to the circuit court, and are now prosecuting this writ of error.

Two questions are presented, the answers to which will settle the controversies between these two sets of conflicting claimants, and will also for the most part also settle the controversy between

them and the said Kunst. The first question is, had Louisa Butcher, as distributee of said estate, the right of administration or the right of nomination as claimed? Second, if she had not such right, had she, by virtue of her interest in said estate, right of protest, and advice in the appointment of an administrator and right of appeal from the adverse judgment? Prior to the amendment of section 4, chapter 85, Acts of Legislature 1903, chapter 13, now section 3258, Code 1906, if sole heir and distributee, and a competent person she would have had precedence in right of administration, but by that amendment, being a non-resident, that right was wholly taken away. That amendment added the proviso, "that no person not a resident of this state shall be appointed or act as such personal representative, unless the decedent be a non-resident of the state at the time of his death, and names in his will a non-resident as his executor." It is quite evident that counsel on both sides in this controversy have over looked this amendment. Nor do we know of any law giving her right of nomination or appointment of a resident administrator. Without such authority given by statute her nomination would not bind the court in exercising sound discretion in the appointment of some suitable person. 18 Cyc. 92. The statute is plain and does not call for interpretation. Its terms clearly precluded Louisa Butcher, a non-resident, from administering said estate and her appointees and next of kin acquired no rights under her to administer thereon. This answers the first question.

The second question we answer in the affirmative. Being the sole distributee she was vitally interested in the proper and the just administration of the estate, and though herself disqualified by law to administer, she had the right to be heard on protest against the appointment of an improper or disqualified person, and to appeal from any order of the county court in which there should be any abuse of its discretion, and if aggrieved by the judgment of the circuit court dismissing her appeal she has the right to a writ of error thereto from this Court.

Whether or not Woofter and others, her next friends, and distributees of her estate, were entitled, on suggestion of her death, to have had this cause revived in their names, we need not decide, for without such suggestion we think the case may be heard and disposed of here on its merits upon the writ of error as or-

iginally awarded, without reference to her death,. for it is provided by section 3900, Code 1906, that "if, in any case of appeal, writ of error, or *supersedeas,* which is now or may hereafter be pending, there be at any time in an appellate court, suggested or relied on in abatement, the death of a party, or any other fact, which, if it had occurred after verdict in an action, would not have prevented judgment being entered (as if it had not occurred) the appellate court may, in its discretion, enter judgment or decree in such case as if the said fact had not occurred."

Coming then to a consideration of the errors assigned, the first is, that the county court had no authority, prior to an adjudication of the sanity or insanity of Mrs. Butcher, simply because thirty days from the date of the death of the intestate had expired, to appoint a creditor administrator. But the statute puts no such limitation upon the court. Said section 3258, Code 1906, provides that "if no distributee apply for administration within thirty days from the death of the intestate, the court may grant administration to one or more of his creditors, *or to any other person."* Nor does the statute impose any other condition precedent to the appointment of a creditor. If the sole distributee be insane as appellants have treated Mrs. Butcher, she would be wholly incompetent, if a resident and otherwise qualified to administer the estate.

Next it is claimed that the court was without authority, without good cause shown and notice to him, and had no right or authority to revoke the powers of the curator, and on motion of a creditor appoint him administrator. This proposition is based upon the general rule that there cannot be two valid grants of administration on the same estate at the same time, within the same state jurisdiction, and that the second appointment is a nullity, while the first continues. Counsel cite 18 Cyc. 113, and *Hutchinson* v. *Priddy,* 12 Grat. 85. But we do not understand this rule to be applicable where, as in this case, and as set forth by appellants in their petition for appeal to the circuit court, the estate has been committed to the sheriff temporarily, until proper administration thereof can be determined and settled. This, we think, has been the practice in this state and in Virginia. Such temporary appointment, pending the appointment of a permanent administrator, is in effect, an ap-

pointment *pendente lite,* to act only during the continuance of the litigation that was the occasion of his appointment, and his powers cease with the termination of the suit or proceeding. 11 Am. & Eng. Ency. Law, 803, note 2, and cases cited. No notice to the curator therefore was required.

Next it is said that it is necessary for a creditor applying for administration to establish by affidavit or otherwise the nature, character and amount of his debt and that his debt is not fictitious. A probate court we perceive might very properly require satisfactory proof of the creditor's claim as a condition precedent to his appointment, but the statute gives right to appointment of *any other person,* and though the appointee be not a creditor in fact, if he be, in the judgment of the court, a proper person, he is not disqualified or incompetent to act.

Next it is said that the right of a distributee to administer the estate, the estate being solvent, is paramount to that of a creditor. This in general is a correct proposition. The answer to it, however, as applied to this case is, that no distributee, qualified and competent has applied for administration. But it is not applicable to the case in hand. It is said that by the death of Louisa Butcher, the rights of appellants to administer the estate of Armstrong have become fixed and determined and that we should now reverse the judgment below, appointing Kunst, and let them or one of them in to administer said estate. But they are not distributees of the estate of Armstrong. Louisa Butcher if sole distributee of that estate became invested with the title thereto before her death, and appellants can in no sense be said to be distributees thereof, entitling them to preference in the administration of his estate. The personal estate of Armstrong, after payment of his debts, must go from his administrator into the hands of the executor or administrator of Louisa Butcher, subject to the payments of her debts and specific legacies, if any, and not directly to her legatees or distributees. But suppose the death of Louisa Butcher did give right of administration to appellants, would they not first be required to make application to the county court therefor? Certainly this Court cannot settle their rights in the first instance. This is an appellate court. Section 3259, Code 1906, among other things provides that "if after administration is granted to a creditor, or other person than a distributee, any distributee, who

shall not have before refused, shall apply for administration there may be a grant of probate or administration in like manner as if the former grant had not been made, and the said former grant shall thereupon cease." The word "may" in this statute was held in *Hutcheson* v. *Priddy, supra,* to mean "must." This case and *Hunt* v. *Wilkinson,* 2 Call 49, cited therein, are authority also for the proposition that no nótice to the curator of the appointment of a permanent administrator is required.

Lastly it is affirmed that the order of the county court is absolutely void for the reason that John Henry, president of the county court, is a stockholder of the First National Bank, one of the petitioning creditors and on whose motion Kunst was appointed administrator, wherefore interested. The record of the judgment appealed from does not show that either of the commissioners who presided at the time of the appointment of Kunst were stockholders or otherwise interested in said bank. But it is sought to make this appear by a supplemental petition, filed by appellants in this Court, and the record of certain supplemental proceedings filed therewith, had before said court, on the petition of said bank and others to revoke the authority of the curator of said estate, and finally heard thereon and upon the cross petitions of said curator, seeking to have his appointment confirmed, and of said Woofter asking that the appointment of said Kunst be revoked and that he as a distributee be appointed to administer said estate. This record shows that upon the hearing of said several petitions on April 30, 1907, by the two commissioners, said Henry having retired, the court refused to set aside the order appointing Kunst, and that said two commissioners not being able to agree to the confirmation of said curator, the further consideration of that matter was postponed. No appeal was taken from this judgment to the circuit court and certainly we have no jurisdiction to grant or entertain a writ of error directly to that judgment of the county court. We are cited by counsel to *Hall* v. *Thayer*, 105 Mass. 219, and 17 Cyc. 734, for the proposition that a stockholder of a corporation cannot sit in judgment in an action in which his corporation is a party, such interest being sufficient to disqualify him, and for the further proposition, that a decree or order of appointment of a judge of probate, thus disqualified, is absolutely void. While the latter proposition seems to be the law in some jurisdictions,

in this state a different rule obtains. As was said in *Findley* v. *Smith,* 42 W. Va. 299, 305: "In this state where there is no statute bearing directly on the point, such a decree is not void, but only voidable, as being a decree not according to law, and to be set aside when brought under review and upon objection taken." If upon this writ of error we were permitted to look into the supplemental record we would see it there stated that two of said commissioners namely, Morrow and Henry, are stockholders in said bank. The question would then be presented whether there being no other tribunal having jurisdiction of matters of probate of this character these commissioners though interested would not *ex necessitate* have jurisdiction to sit in judgment. See *Coal Co.* v. *Doolittle,* 54 W. Va. 210, 230-1. In the Massachusetts case cited, another probate judge was called to preside. No provision for this is made in our law so as to call in other commissioners. That case was an appeal from the judgment of another judge refusing to set aside and vacate a prior appointment because the judge presiding was interested. But we cannot consider the supplemental record on this hearing, and the judgment there complained of is not before us. The record of the judgment which we have before us shows no abuse of the discretionary power of the county court to make the appointment of the defendant in error. It is true that in the protest of Woofter and others against the appointment of Kunst, filed in the county court, it was charged, and sworn to, on information and belief, that Kunst, for certain reasons alleged was not a proper person to appoint; but this protest was not evidence, and the record fails to show that any proof of these charges was offered. Besides the court had other papers and documents before it. It may have heard evidence not in the record for all we know. We are therefore of opinion that the judgment of the circuit court and the order of the county court should be affirmed.

*Affirmed.*