# CHARLESTON.

PEARLE HALL HALE *v.* RUFUS A. HALE

(No. 5908)

Submitted September 13, 1927.    Decided October 4, 1927.

1. DIVORCE—*Where Husband, Sued by Non-resident Wife for Maintenance, Filed Cross-bill Asking Divorce, She May File Amended Pleading Asking for Divorce (Code, c. 64, § 7).*

    A non-resident wife whose husband is a citizen of this State sues him here for maintenance. He files an answer in nature of a cross-bill praying for a divorce. She may then file an amended pleading in the suit asking for similar relief; filing of the cross-bill by the defendant confers jurisdiction for that purpose. (p. 256.)

    (Divorce, 19 C. J. §§ 38 [Anno]; 303 [Anno]; Husband and Wife, 30 C. J. § 892.)

2. EQUITY—*Equity Regards Substance Rather Than Form.*

    In chancery pleadings it is the disposition and practice of courts of equity to regard substance rather than form or name, and to so mold and treat the pleadings as to attain the real justice of the case. (p. 259.)

    (Equity, 21 C. J. §§ 199, 205.)

3. DIVORCE—*Where Wife Establishes New Home Where Husband Lives With Her, His Leaving Without Requesting Her to Accompany Him and Refusing to Live With Her is "Desertion," Entitling Wife to Divorce From Bed and Board.*

    A wife leaves the residence of her husband and establishes a new home where he lives and cohabits with her for a number of years, and then, without requesting that she go with him to another place of abode, leaves and refuses further

to live with her. Such action on his part constitutes de-
sertion, entitling her to divorce from bed and board. (p. 259.)

(Divorce, 19 C. J. § 112.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Appeal from Circuit Court, Mercer County.

Action by Pearle Hall Hale against Rufus A. Hale for
divorce. From a decree for plaintiff, defendant appeals.

*Affirmed.*

*Bernard McClaugherty, Russell S. Ritz* and *J. M. B. Lewis,
Jr.,* for appellant.

*Sanders, Crockett, Fox & Sanders* and *Arthur F. Kingdon,*
for appellee.

LITZ, JUDGE:

The defendant appeals from a decree of the circuit court,
granting the plaintiff a divorce from bed and board, $3,000.00
attorneys' fees, and $200.00 per month alimony until the
further order of the court.

The plaintiff and defendant were intermarried November
1st, 1901, and thereafter lived together as man and wife at
the home of his mother in the city of Bluefield, West Virginia,
until 1918. On account of alleged mistreatment by the wife
of George Hale, a brother of the defendant and who also
resided at the old home, the plaintiff went to her father's
(a few hundred yards distant) in Graham, Virginia, where
she has since almost continuously resided. Whether she left
the Hale home with his consent, as she claims, or without it,
according to his contention, the defendant nevertheless lived
and cohabited with the plaintiff at her newly acquired domi-
cile until 1923 or 1924, when, as she charges, by reason of his
infatuation for one Mary Jane Porterfield, he wholly deserted
and abandoned the plaintiff. In the meantime for short in-
tervals during the absence of the wife of George Hale, the
plaintiff and defendant lived together at the old Hale home.

This suit was instituted October 21st, 1925, for alimony on
the ground of desertion. At December Rules 1925 the de-

fendant filed his answer in the nature of a cross bill charging that the plaintiff deserted him in the year 1918, and praying for an absolute divorce. At January Rules 1926, the plaintiff filed a "special reply" praying dismissal of the defendant's answer in so far as it set up new matter and asked for affirmative relief. May 28th, 1926, the plaintiff filed in open court an "amended special replication" praying for an absolute divorce on the ground that the defendant had been guilty of adultery with said Mary Jane Porterfield.

The decree complained of is challenged for reasons: (1) That the court did not have jurisdiction to award the plaintiff a divorce; (2) that it was improper to permit the plaintiff to file a "special replication" and an "amended special replication"; (3) that the evidence does not warrant the granting of a divorce in her favor; (4) that the alimony and attorneys' fees are excessive. The only authority cited in support of the first proposition is section 7, chapter 64, Code, providing that "in no case shall a suit for divorce be maintainable unless the plaintiff be an actual *bona fide* citizen of this state, and shall have resided in the state for at least one year immediately preceding the bringing of the suit." It is very true that the plaintiff could not in the first instance have maintained a suit for divorce. The defendant, by the filing of his cross bill, however, became within the meaning of the statute, the plaintiff in the suit praying for a divorce. If the court had jurisdiction of his cross bill, which is not questioned, then the original plaintiff was entitled to answer the cross bill praying for similar relief.

"Where an action for divorce is brought by a resident of the state of the forum against a non-resident it is generally held that a divorce may be granted the non-resident on his or her cross bill though a statute in general terms requires the complainant in an action for divorce to have been a resident of the state for the designated time. And it has been held that the abandonment or dismissal of the original bill or petition does not oust the court of jurisdiction to grant a divorce to the non-resident cross petitioner. The jurisdiction of the court to entertain a cross bill by a

non-resident defendant is based on the familiar principle that a court of equity having acquired jurisdiction of the parties and of the subject matter of the suit will retain and exercise such jurisdiction until the equities of all the parties are meted out to them." 9 R. C. L., page 404, Sec. 201.

"Generally speaking a statute making residence of plaintiff a prerequisite to the exercise of divorce jurisdiction does not preclude the non-resident defendant from filing a cross bill and obtaining a decree of divorce against the plaintiff, provided plaintiff has resided in the jurisdiction the requisite time. Nor will a non-resident defendant be deprived of his right to relief on a cross bill by a dismissal or discontinuance of the original petition." 19 C. J., page 27, Sec. 238.

The principle is the same whether the non-resident is the defendant to the original bill or the cross bill of the resident party. It would be an anomaly to hold that the court had jurisdiction to grant one of the parties a divorce but not the other.

The defendant objects to the "special replication," and an "amended special replication" of the plaintiff because special replications have been abolished in this state. Sec. 35, Chap. 125, Code, provides:

"The defendant in a suit in equity may, in his answer, allege any new matter constituting a claim for affirmative relief in such suit against the plaintiff or any defendant therein, in the same manner and with like effect as if the same had been alleged in a cross bill filed by him therein; and in such case, if the plaintiff or defendant against whom such relief is claimed. desire to controvert the relief prayed for in the answer, he shall file a special reply in writing, denying such allegations of the said answer as he does not admit to be true, and stating any facts constituting a defense thereto."

The defendant contends that this statute does not authorize the filing of a reply by the plaintiff beyond a defense to the new matter set up in the defendant's answer constituting a

claim for affirmative relief. Whether or not this is a proper construction of the statute, need not be determined here; nor is it necessary to decide whether the pleading in question, which must be considered from the standpoint of substance rather than form, should be given legal recognition under the technical name of ''special replication.'' In chancery pleadings it is the disposition and practice of courts of equity to regard substance rather than mere form or name, and to so mold and treat the pleadings as to attain the real justice of the case. The name and the form are immaterial. Substance is all that is required. A pleading bearing one name will often be treated and acted upon as one under another name and operate to perform its functions in the courts of equity, if such pleading contains proper matter to answer the purpose. *Sturm* v. *Fleming,* 22 W. Va. 404; *Pethtel* v. *McCullough,* 49 W. Va. 520; *Mankin* v. *Dickinson,* 76 W. Va. 128; *Skaggs* v. *Mann,* 46 W. Va. 209; *Crumlish* v. *Railroad Co.,* 28 W. Va. 623. The filing of an answer by the defendant, praying for divorce, entitled the plaintiff to file a pleading for like relief.

Upon the issue as to which of the parties abandoned the other, we would not be warranted in reversing the finding of the trial court which involves a sharp conflict in the testimony. The defendant claims the plaintiff ordered him from her father's home and refused to live with him elsewhere. This is denied by the plaintiff, and the testimony in her behalf tends to show that he never requested her to live with him at any other place after ceasing to live and cohabit with her in Virginia. He states in his deposition that he will not live with her any more.

Considering the value of defendant's estate and the amount of services performed by the attorneys in her behalf, we cannot say that the alimony or attorneys' fee is excessive. The defendant shows that his allowance to her for the three years next preceding the bringing of the suit amounted to nearly $300.00 per month. The amount of alimony as stated, is subject to further order of the trial court.

The decree of the circuit court is affirmed.

*Affirmed.*