# CHARLESTON.

GAIN *v.* GERLING *et al.*

(No. 6631)

Submitted May 13, 1930. Decided May 20, 1930.

*Campbell & Hannis,* for appellant.
*Martin & Seibert,* for appellee.

LIVELY, PRESIDENT:

This is a creditors' suit to sell C. L. Gerling's real estate in discharge of the liens thereon.

Appellant, Inez V. Gerling, divorced from C. L. Gerling by decree a mensa, set up in the cause by petition her decree for permanent alimony, and maintenance for her two children, for $75 per month allowed to her in the divorce suit, as a lien on the divorced husband's lands sought to be sold, and claimed preference in dignity and priority over a judgment against Gerling in favor of Howard Furniture Company, later recovered, and over attachments on the real estate later sued out by Kenneth N. Gilpin. Mrs. Gerling's decrees for support of herself and children were entered May 24, 1926, and later for permanent alimony and support of her children on December 21, 1926. Howard Furniture Company's judgment for $65 was rendered May 23, 1927; and Gilpin's attachment for $3,-280.43 was levied on January 3, 1927. Gilpin also obtained a judgment against C. L. Gerling for $1,613.02 on an attachment levied March 9, 1927.

The cause was referred to a master commissioner, who reported the two judgments of Gilpin (rendered on the attachments) as first liens; the decretal judgment of Mrs. Gerling on which there was a balance unpaid as of May 23, 1927, of $35 as second lien (the amount of the alimony and for the support of the children accumulative as of that date was $900, on which had been paid by Gerling $865, leaving due as of that date $35) ; the Howard Furniture Company judgment of $65 with interest and cost amounting to $75.45, as third lien; and Mrs. Gerling's decretal judgment rendered May 24, 1926, on which there was $1,125 due, as the fourth and last lien. The commissioner found that on May 23, 1927, Mrs. Gerling's alimony and support money was due to the amount of $35 (payment of $865 thereon having been made) ; and from that date until August 23, 1928, when the report was made, there had accrued to her and become due $1,125, which sum he held

to be a subsequent lien to those of Gilpin and the furniture company. The decree of May 24, 1926, and the decree of December 21, 1926, in the divorce suit, each gave Mrs. Gerling $75 per month for alimony and support of her children, beginning with May 22, 1926, until the further order of the court. The first decree was in a suit for maintenance, later converted into a suit for divorce a mensa when the second decree was for permanent alimony and support of the children at $75 per month until the further order of the court, as will be shown later in this opinion. Mrs. Gerling excepted to the report, the court overruled the exception, and entered the decree of August 17, 1929, appealed from, confirming the report in so far as it found that the alleged lien of Mrs. Gerling had priority over the judgment of Gilpin only to the extent that unpaid installments of alimony were due at the time of the rendition of Gilpin's judgment.

The salient question presented is whether the decree of May 24, 1926, and the decree of December 21, 1926, for permanent alimony and support for the children, payable in future installments at the rate of $75 per month, is a lien on the husband's real estate dating back to the entry of the decree, and taking preference over judgment liens of creditors subsequently obtained; or whether these future installments became liens only from the time they severally became due.

In a very clear and learned opinion, the trial chancellor held that those installments under the divorce decree becoming due and unpaid before January 3, 1927, should be a lien of the first class; that Gilpin's attachment debt should be a lien of the second class; that Mrs. Gerling's installments becoming due between that date and March 9, 1927, should be liens of the third class; that Gilpin's second attachment should be a lien of the fourth class; that installments due Mrs. Gerling occurring between March 9, 1927, and May 23, 1927, should be of the fifth class; that Howard Furniture Company's judgment should be of the sixth class; and that Mrs. Gerling's installments becoming due since May 23, 1927, up to the date of the commissioner's reports should be of the seventh class.

Stated concisely, the chancellor took the view that only such

installments of alimony and support money, as were due at the time of the creation of the other judgment and attachment liens had priority; and as to installments coming due after the judgment and attachment liens, the latter liens had priority.

There is a preliminary question raised by cross-assignment of error. It is argued that the decree in the divorce suit for alimony and support for the children is void for want of jurisdiction to pronounce it, and may be attacked collaterally. Mrs. Gerling and her husband were living in Maryland at the time of their separation, where Mrs. Gerling has since resided, and now resides. In 1925, she sued her husband in the circuit court of Berkeley county, this state, for support and maintenance; on May 24, 1926, she was decreed $75 per month for support of herself and children; later her husband answered in the nature of a cross-bill charging her with desertion, and prayed for a divorce *a mensa;* thereupon she amended her bill denying desertion on her part, charging it on his part, and prayed for a divorce *a mensa.* Upon submission of the cause, the court, on December 21, 1926, decreed her a divorce *a mensa,* and again directed Gerling to pay her $75 each month for *alimony* and for support of the children, until further order. It is asserted that the wife, being a nonresident, could not maintain a bill for divorce of any character in this state, and the court had no jurisdiction to hear it. The filing of the husband's cross-bill for divorce in the maintenance suit by the wife conferred jurisdiction on the court to hear her complaint for similar relief on an amended pleading. *Hale* v. *Hale,* 104 W. Va. 254, 139 S. E. 754. The cross-assignment of error is not sustained.

We now come to the controlling question, namely, whether the decree of December 21, 1926, directing the husband to pay the wife $75 each month until the further order of the court, creates a lien on the husband's real estate for all future installments not paid, superior to the lien of judgment creditors of the husband subsequently obtained; or whether the unpaid installments become liens only from the time they become due.

Appellant relies upon *Goff* v. *Goff,* 60 W. Va. 9, 53 S. E.

769, 9 Ann. Cas. 1083, followed and approved by the Virginia Supreme Court in *Isaacs* v. *Isaacs,* 117 Va. 730, 86 S. E. 105, L. R. A. 1916B, 648, to sustain her contention that she has a lien on her husband's realty for all installments of alimony, and support for the children, from the entry of the decree. The trial chancellor took the view that the *Goff* Case did not hold future installments to be liens from the date of the decree fixing alimony, and therefore that the question here presented is of first impression in this state; and, further, that inasmuch as the payments may be increased or lessened in the future, as changed circumstances of the parties demand, these future payments should not be considered liens from the date of the decree, but that the lien for each installment should begin upon its due date. In the *Goff* Case the wife was decreed a divorce *a mensa* with a fixed sum for alimony, payable quarterly. It was there contended, as here, that the weight of authority is that future payments are not a lien. JUDGE BRANNON said at page 21 of 60 W. Va., 53 S. E. 769, 774: "It may be so in some states. It is clear, as stated in that volume [2 Am. & Eng. Ency. L. [2d Ed.] 132, 3, 4], that a pending suit for divorce and alimony is not in itself a lien. But how is it after decree for alimony? * * * The decree adjudges Goff to pay fixed sums at fixed times in future. Our Code says that 'every judgment for money rendered in this state heretofore or hereafter against a person shall be a lien on all real estate of or to which such person shall be entitled at or after the date of such judgment.' Does the fact that payment is to be made in future change the matter? Why should it? Here is a final adjudication of present liability, only it is to be discharged in future. * * * The only question is whether future installments are a lien. We think they are. Should the door be left open so that Goff might by conveyance dispose of his property and wholly defeat his wife's alimony? She has, by law, right to look to her husband's estate for reasonable support. The law shares the property, to the extent of alimony, between them." We quote the above for the purpose of showing that the question of the lien of future payments was presented and considered. Point 2 of

the syllabus reads: "Permanent alimony decreed in a fixed annual sum, the defendant appearing in the case or served with process, is a personal decree and a lien on his land, though such alimony be payable in installments in the future." Interpreting the syllabus in consonance with the opinion, it is quite clear that it means that future installments of alimony are liens dating from the entry of the decree. If they be not liens, it would be quite easy for the husband to contract debts, resulting in judgments before installments become due, and thus defeat the decree. By neglect, impecuniosity, or design the husband could escape the decree and avoid his marital obligation and liability, if the *"door be left open,"* as Judge Brannon expressed it. It was said in *Smith* v. *Smith,* 81 W. Va. 761, 95 S. E. 199, 8 A. L. R. 1149, that a decree for alimony is not merely a decree for payment of money, but for the payment of money in discharge of a high marital duty of maintenance, and could be enforced by attachment for contempt. It is argued that the future payments are uncertain because they may be changed to a greater or less sum as changing conditions and circumstances might warrant, and therefore should not be considered as judgments or liens until they become due and are not paid. It is very well established as a maxim of law that, "That is certain which can be made certain; certum est quod certum reddi potest." A future order changing the amount of future payments would not disturb the lien, but would simply change the amount of payment thereunder by the certainty of mathematics. Here was a decree standing against the divorced husband, and subsequent creditors dealing with him should take notice of the liens on his property, if they look to that property as a basis of credit and payment. There had been no change in the amount of the future payments. The decree was certain as to amount so far as the creditors here involved were concerned. The public policy of this state, as reflected by her statutes and judicial opinions, is that the wife and children should not be left destitute if the income or property of the husband, who has been found recalcitrant to the marriage vows, is sufficient to protect them.

We are not disposed to overrule *Goff* v. *Goff*, supra, believing it to be based on reason and sound public policy.

The decree will be reversed, and the cause remanded.

*Reversed and remanded.*