NAOMI JONES

*v.*

ASHLEY JONES

(No. 10286)

Submitted January 23, 1951.   Decided March 6, 1951.

C. M. Morgan, Edward H. Greene, for appellant.

Duncan W. Daugherty, Duncan W. Daugherty, Jr., for appellee.

GIVEN, JUDGE:

The plaintiff, Naomi Jones, on August 31, 1948, instituted her suit for separate maintenance, in the Domestic Relations Court of Cabell County, against the defendant, Ashley Jones. The bill of complaint, filed at the time of the institution of the suit, alleged facts which, if established by evidence, would entitle plaintiff to a divorce. The prayer of the bill was for "separate maintenance, and alimony from the defendant's earning and income". The defendant, on November 17, 1948, filed his answer and cross-bill. The answer denied the material allegations of the bill of complaint, and the cross-bill charged plaintiff with having become an habitual drunkard after marriage, and with adultery, and prayed for a divorce a vinculo matrimonii. Process was issued on the cross-bill and served on the plaintiff. No demurrer was filed as to any pleading and no objection was made to the filing of the cross-bill. The plaintiff filed a replication to the answer of the defendant and no rule to plead was given the defendant. Evidence was adduced in open court "on behalf of the plaintiff and of the defendant and cross-petitioner", without any objection as to the taking of evidence in support of the allegations contained in the cross-bill. The court found that the plaintiff was not entitled to the relief prayed for, and dismissed her bill of complaint, but found that defendant was entitled to the relief prayed for in his cross-bill, and granted him a divorce from the plaintiff. The decree dismissing the bill and granting the defendant a divorce was entered on November 2, 1949.

On January 5, 1950, the plaintiff filed in the Circuit

Court of Cabell County a petition for an appeal from the decree granting the divorce on the cross-bill and dismissing her bill of complaint. It may be noted that the petition was filed more than sixty days but less than four months after the entry of the final decree. On April 1, 1950, the circuit court entered an order refusing the appeal. On May 29, 1950, the appeal herein was granted to review the order of the circuit court refusing the appeal from the domestic relations court.

On January 23, 1951, counsel representing defendant filed in this Court a motion praying that the appeal granted herein be dismissed as having been improvidently awarded. The grounds of the motion were: (1) That the petition for an appeal to the Circuit Court of Cabell County was not filed with that court within the time fixed by statute; and (2) that the purported record before this Court was not properly certified.

Chapter 168, Acts of the Legislature, 1921, Regular Session, creating the Domestic Relations Court of Cabell County, provided for appeals from that court to the Circuit Court of Cabell County, and required that petitions for such appeals be filed in the circuit court within sixty days from the entry of the final decree sought to be reviewed. Article 4 of Chapter 58 of the official Code, dealing with appeals from courts of record of limited jurisdiction, first became effective upon the adoption by the Legislature of the 1931 Code. Section 4 of that article provides: "No petition shall be presented to the circuit court or judge for an appeal from, or writ of error or supersedeas to, any judgment, decree or order rendered or made by such court of limited jurisdiction, whether the State be a party thereto or not, which shall have been rendered or made more than four months before such petition is presented." The Revisers' Note affixed to Article 4 clearly indicates that it was intended that Section 4 supersede provisions of prior special acts in so far as such special acts related to the time for filing petitions for appeals to circuit courts from courts of record of limited jurisdiction. Defendant contends, however,

that the provision of Section 4, fixing the time of four months within which a petition must be filed, does not apply where "the special statute has a shorter appeal period." We think the question was correctly decided in *Laundry Co.* v. *Dunn Hospital,* 126 W. Va. 858, 30 S. E. 2d 454, wherein this Court held: "A petition to the Circuit Court of Kanawha County for a writ of error and supersedeas to a judgment of the Court of Common Pleas of that county cannot be received or acted upon unless presented within four months after the date of such judgment."

The time fixed by the special act for the filing of the petition in the instant case is shorter than the time fixed by the general statute, whereas in the *Dunn Hospital* case the reverse was true. We think, however, this fact does not call for a different conclusion. Section 4 was clearly intended to fix the time within which such a petition could be filed in any case. The *Dunn Hospital* case also settles the question of the constitutionality of Section 4, and also demonstrates that it is not invalid because of the rule that a general statute will not affect an earlier special act unless the repugnance between them is such that they can not co-exist.

The record before this Court contains no part of the evidence adduced at the hearing. There is in that record no certificate of the clerk of the domestic relations court relating to the contents of the record. In the petition of the plaintiff praying for an appeal, filed in the circuit court, it is stated: "* * * The original papers in this case, together with a transcript of all the evidence heard and considered by the court, and the rulings and decisions of the trial court in the conduct of the said trial and the final order entered therein are herewith filed and asked to be taken and read as a part of this petition." From this we must conclude that the record was actually before the circuit court.

We find no statute requiring that there be a certification by the clerk of a court of record of limited jurisdiction

as to the contents of a record upon an appeal from that court to the circuit court. Apparently all that is required is that the record, or so much thereof as is brought up, be identified. Of course, the better method for identifying the record is for the clerk of the lower court to certify the same. We think the holding in *In Re Durham's Estate*, 119 W. Va. 1, 191 S. E. 847, is in accord. There the writ of error was from the county court to the circuit court, the record was not in any manner authenticated, and the record did not accompany the petition for a writ of error as required by Code, 58-3-4. See *Miller* v. *Miller*, 117 W. Va. 138, 184 S. E. 246; *Ballouz v. Hart*, 96 W. Va. 580, 123 S. E. 402. Moreover, the question as to the sufficiency of the identification of the record before the circuit court was not raised in or passed upon by that court.

The certificate of the clerk of the circuit court, in the record before this Court, in the usual form, states "* * * that the foregoing is a true and correct copy of all that part of the original record, which by direction of counsel for petitioner is certified to the Supreme Court of Appeals * * *." Code, 58-5-6, relating to transmission of records from the circuit courts to the Supreme. Court of Appeals, requires that the clerk of the circuit court transmit to the Clerk of the Supreme Court of Appeals the original petition for the appeal, "together with the record of so much of the case wherein the judgment, decree or order is, as will enable the court or judge to whom the petition is to be presented properly to decide on such petition, and enable the court, if the petition be granted, properly to decide the questions that may arise before it.", and in the event the appeal is granted, to "* * * forthwith make a transcript of so much of the record as is required for the purposes of the appeal or writ of error and transmit the same to the clerk of the supreme court of appeals. * * *." Code, 58-4-6, relating to transmittal of records to circuit courts from courts of record of limited jurisdiction, contains provisions to the same effect.

These provisions make it clear, we believe, that only

such parts of the record as are necesary for the decision of the points of error assigned be presented to the appellate court. The determination of what parts of the record are necessary in any case appears to be left to the discretion of the clerk of the lower court in the first instance. There can be little doubt, however, that the clerk is entitled to assistance of the lower court and of interested counsel in determining that matter. Certiorari is expressly made available to the parties for the purpose of bringing before the appellate court any part of the record omitted. Code, 58-4-8, and 58-5-8. It seems clear that the part of the record before this Court is sufficiently identified by the certificate of the Clerk of the Circuit Court of Cabell County, and that the same is amply sufficient for consideration of the questions raised in this Court. See *Selvy* v. *Selvy*, 115 W. Va. 338, 177 S. E. 437; *Woodruff* v. *Gilliam*, 116 W. Va. 101, 179 S. E. 873; *Estate of Kneeream*, 119 W. Va. 25, 191 S. E. 867.

Counsel for the defendant below have filed in this Court a suggestion of the death of Ashley Jones, alleging that he died on the 13th day of February, 1950, and contend that the suit has abated. It appears from the pleadings that the parties had no children and that the defendant owned, at the time of his death, considerable personal property, which the wife now claims as distributee of his estate. We think there is no merit in the contention of counsel for defendant. Code, 56-8-4, provides that "If, in any case of appeal, writ of error, or supersedeas, which is now or may hereafter be pending, there be at any time in an appellate court suggested, or relied on in abatement, the death of a party, or any other fact which, if it had occurred after verdict in an action, would not have prevented judgment being entered, as if it had not occurred, the appellate court may, in its discretion, enter judgment or decree in such case as if such death or such fact had not occurred." See *Butcher* v. *Kunst*, 65 W. Va. 384, 64 S. E. 967; *Wilson* v. *Transit Co.*, 126 W. Va. 943, 30 S. E. 2d 749.

Questions remaining for decision relate to: (1) The

560

action of the domestic relations court in permitting defendant to file his cross-bill in the suit for separate maintenance; and (2) in failing to enter a decree *pro confesso* upon the bill of complaint filed in the suit for separate maintenance.

In *Wolford* v. *Wolford*, 133 W. Va. 403, 56 S. E. 2d 614, Point 4, syllabus, this Court held, correctly, we believe: "A cross bill of the defendant, in which the principal relief prayed for is a divorce from the plaintiff, may not be filed in a suit for separate maintenance in which the bill of complaint contains no prayer for a divorce."

In that case there was a demurrer filed to the cross-bill and overruled by the court. The question of jurisdiction of the court was not considered. In the opinion the Court carefully pointed out that the "proceedings had in the circuit court with respect to the cross bill were irregular and erroneous," and that "As the cross bill was demurrable and should have been dismissed upon demurrer, there was no sufficient pleading in the case upon which to take proof or to base a decree with respect to the claim of the defendant to a divorce from the plaintiff. The cross bill being defective, all subsequent pleadings based upon it are likewise defective and fail with it. It is axiomatic that there can be no decree without proper pleadings to support it. *Cecil* v. *Karnes*, 61 W. Va. 543, 56 S. E. 885." The opinion in that case considers and fully analyzes the decisions of this Court relating to the character and scope of a cross-bill, as well as the character of a suit for separate maintenance, making it unnecessary to do so here. In the instant case the procedure before the trial court was wholly different. After having been served with process issued on the cross-bill, the plaintiff filed her replication to the answer of defendant and made no objection to the filing of the cross-bill, and filed no demurrer thereto. Moreover, there was no objection made to the action of the trial court in hearing together the testimony relating to the matters charged in the bill of complaint and in the cross-bill. By reason of this differ-

ence in the two cases the *Wolford* case is clearly distinguishable from the instant case. In these circumstances, we are of the opinion that any error in the action of the trial court relating to the disposition of the matters arising upon the cross-bill was waived. Of course, had the error been one of jurisdiction of the court as to the subject matter, it could not have been waived by the parties, but, as indicated in the *Wolford* case, the error did not involve jurisdiction of the court. In *Hale* v. *Hale,* 104 W. Va. 254, 139 S. E. 754, Point 1, syllabus, this Court held: "A non-resident wife whose husband is a citizen of this State sues here for maintenance. He files an answer in nature of a cross-bill praying for a divorce. She may then file an amended pleading in the suit asking for similar relief; filing of the cross-bill by the defendant confers jurisdiction for that purpose."

In *Gain* v. *Gerling, et al.,* 109 W. Va. 241, 153 S. E. 504, it appears that the wife, a nonresident, filed her bill for separate maintenance in the Circuit Court of Berkeley County, and that the husband filed an answer in that proceeding in the nature of a cross-bill, charging the wife with desertion and praying for a divorce *a mensa.* The wife amended her bill of complaint and prayed that she be granted a divorce *a mensa.* The court granted the relief prayed for in her amended bill, and this Court stated: "* * * The filing of the husband's cross-bill for divorce in the maintenance suit by the wife conferred jurisdiction on the court to hear her complaint for similar relief on an amended pleading. * * *." This case cites with approval the *Hale* case. In neither the *Gain* case nor the *Hale* case was there any objection made to the procedure followed. This Court also recognized the principles laid down in the *Hale* case in *Hewitt* v. *Hewitt,* 120 W. Va. 151, 197 S. E. 297. See *Vickers* v. *Vickers,* 95 W. Va. 323, 122 S. E. 279.

We are of the opinion that the plaintiff was not entitled to a decree *pro confesso* upon her bill of complaint. As stated above, there was no demurrer to the bill and

no rule was given to plead as permitted by Code, 56-4-49. "A defendant may file his answer at any time before final decree, unless required to file it sooner under section fifty-six of this article, or by a proper rule of court under section 'four, article one, chapter fifty-one of this Code; but a cause shall not be sent to rules or continued, because an answer is filed in it, unless good cause therefor be shown by affidavit filed with the papers." Code, 56-4-57. See *Crouch* v. *Crouch*, 124 W. Va. 331, 20 S. E. 2d 169.

The motion to dismiss the appeal as having been improvidently awarded is denied, and the decrees of the Circuit Court of Cabell County and of the Domestic Relations Court of Cabell County are affirmed.

*Affirmed.*