ANNA B. MILLER *v.* CANTRELLE L. MILLER, *Admr., etc.*

(No. 8312)

Submitted February 4, 1936. Decided February 25, 1936.

*J. G. F. Johnson,* for plaintiff in error.

*W. J. Daugherty* and *J. Howard Hundley,* for defendant in error.

KENNA, JUDGE:

This case is here upon writ of error (erroneously called an appeal in the statute. *Ballouz* v. *Hart,* 96 W. Va. 580, 123 S. E. 402) from a judgment of the Circuit Court of Kanawha County entered on the 31st day of July, 1935, affirming an order entered in the County

Court of Kanawha County on the 13th day of August, 1934, the last named order having confirmed the report of Beverly Broun, commissioner of accounts, by which the claim of Anna B. Miller against the estate of Harry N. Miller, deceased, filed and contested before the commissioner of accounts, was rejected. Anna B. Miller prosecutes the writ of error in this court, and the administrator of the estate defends.

The first question to be disposed of is the motion of the defendant in error to dismiss this writ because no writ of error was properly obtained within four months from the order of the county court to the circuit court as is required by Code, 58-3-4.

The order of the County Court of Kanawha County confirming the report of the commissioner of accounts was entered on the 13th day of August, 1934.

On November 19, 1934, an order was entered in the circuit court reciting the filing of the petition of Anna B. Miller praying for an "appeal" from the order of the county court, and granting the "appeal" and directing that the case be docketed.

On the 18th day of February, 1935, a notice was served upon counsel for Anna B. Miller to the effect that on the 26th day of February, 1935, counsel for the administrator would move the Circuit Court of Kanawha County to dismiss the "appeal" awarded on the ground that it had not been perfected as prescribed by law. There is nothing in the record showing a direct ruling upon such motion.

On March 22, 1935, an order was entered in the circuit court reciting the previously allowed "appeal" and ordering the record in the case to be "transferred" from the county court and made a part of the record of the circuit court "as if it had accompanied the petition praying for the appeal." A copy of this order was served upon counsel for the administrator on March 21st.

There are no bills of exceptions nor is there any certification of the record made in the County Court of Kanawha County shown in the record before us. The affidavit and account of Anna B. Miller under date of

February 28, 1934, is found in the record stamped: "Filed in the office of the Clerk of the Circuit Court of Kanawha County, June 21, 1935." The counter affidavit of the administrator, dated March 23, 1934, and bearing the same stamp of the Circuit Clerk of Kanawha County is among the papers. The report of the commissioner of accounts stamped filed in the County Court of Kanawha County August 13, 1934, and bearing an identical stamp of the Circuit Clerk of Kanawha County is also among the papers. Also among the papers are the exceptions of Anna B. Miller to the report of the commissioner of accounts stamped filed in the county court August 2, 1934, and bearing the same stamp of the circuit clerk as the other papers bear.

The deposition of Anna B. Miller, taken in the State of Arkansas on April 10, 1934, is among the papers stamped filed in the office of the clerk of the Circuit Court of Kanawha County June 21, 1935, as all the other papers seem to be stamped. This deposition bears no marking indicating that it was filed before the commissioner of accounts or that it was before the county court.

The depositions of Mrs. Carrie Miller Cocke and others, taken the 25th day of April, 1934, at Huntington, on behalf of the claimant, Anna B. Miller, are also among the papers, and bear no markings other than the stamp of the circuit clerk showing them to have been filed in his office on the same date that the other papers in the case were filed. The same is true of depositions taken on behalf of the heirs-at-law and distributees of the estate of Harry N. Miller, found among the papers. All the depositions show that they were taken to be read in evidence before Beverly Broun, commissioner of accounts.

In this state of the record, the defendant here says that the writ of error should be dismissed because of the fact that there was no record presented with the petition for a writ of error in the circuit court within four months from the date of the order in the county court as is required by Code, 58-3-4. The position of the plaintiff in error is that the writ of error from the county court to

the circuit court in matters of this kind does not come within the purview of the section relied upon by the defendant in error, but is governed by the provisions of 44-2-19, Code. Plaintiff in error urges that this is so because Code, 58-3-2, restricts the application of Code, 58-3-4, to those cases only in which "the manner of appeal is not specially provided for by law," and that since Code, 44-2-19, does provide a "manner of appeal," its terms are exclusive as to that question. The section last referred to does not dispense with all authentication of the record before the county court, but merely provides that after the decision of the county court upon exceptions to the report of a commissioner of accounts, an "appeal" from such decision may be taken to the circuit court without any formal bills of exception. The section does not provide any special mode of "appeal." It places no limitation upon the time within which the "appeal" must be taken. Nothing is said about the petition, assignments of error, or record. For all of these things we must look to 58-3-4, Code, and there we find them all set out plainly. This section provides that it shall be followed in all cases where "appeal" lies from county courts under section one of the same article. Turning to section 1, we find that it provides that an "appeal" shall lie to the circuit court of the county from the final order of the county court in the following cases: "* * * (f) in any other case by law specially provided." Turning, then, to 44-2-19, Code, we find that section does specially provide for an "appeal" from the decision of the county court without any formal bills of exception. So we see that Code, 58-3-4, 58-3-1, and 44-2-19, are to be read together and that their provisions fall logically into place with each other.

Code, 58-3-4, provides that in case of "appeal" from the county court to the circuit court, the petition therefor shall be presented within four months after the judgment, order or proceeding was rendered in the county court, shall assign errors, and shall be accompanied by the original record of the proceedings in lieu of a transcript thereof. It provides further that such original record shall include all papers filed in the proceeding,

certified copies of all orders entered in the proceeding, copies of which are not in the files, and all matters included in bills of exception, or certificates in lieu thereof as provided in section three of the same article. In this case, it appears affirmatively from the order entered in the circuit court March 22, 1935, that no record whatever accompanied the petition for the "appeal" when it was filed in the circuit court within the four months limitation. That order directs that the record in the county court in the case be "transferred" to the circuit court, and made a part of the record in that court, "as if it had accompanied the petition praying for the appeal." This order transferring the record was entered some time after the four months limitation from August 13, 1934, had expired. Not only is this so, but when the record was finally transferred from the county court to the circuit court, there were no bills of exception, no certificate of the county court certifying the evidence, and no order of the county court in any way identifying the evidence upon which it heard the case. The depositions and papers themselves bear no mark to indicate that they were considered in the county court; and are merely marked filed in the office of the clerk of the circuit court June 21, 1935. They were made a part of the record before us by bills of exception signed in the circuit court. Code, 44-2-19, specifically states that in the circuit court the appeal provided for shall be heard "on the record made before the commissioner and the county court." If the record had been fully made up and certified by the county court, there would be no necessity for bills of exception in the circuit court.

The case of *Ballouz* v. *Hart*, 96 W. Va. 580, 123 S. E. 402, cited and relied upon by the defendant in error, is authority for the proposition that under section fourteen of chapter 112 of Barnes' Code of 1923 (in all respects with which we are here concerned substantially the same as Code, 58-3-4) where, upon "appeal" under that section from a county court to a circuit court, the petition is filed within the time limit of the statute, but is not accompanied by a proper transcript of the record made in the county

court and such transcript is not filed in the circuit court within the statutory limit, the appeal will be dismissed. In that case, what purported to be a transcript of the record in the county court was in fact presented with the petition for an "appeal." The certificate was by the clerk of the county court, and the court held that since the record showed on its face that some important papers had been omitted therefrom, it was insufficient, and could not be treated as a transcript of the record accompanying the petition for the "appeal," and the case was dismissed for that reason. Here, we have no transcript whatever of the record accompanying the petition for the "appeal" from the county court to the circuit court, and, under the authority of the case cited, we are obliged to hold that since no proper "appeal" was perfected to the judgment of the County Court of Kanawha County, this writ of error to the judgment of the Circuit Court of Kanawha County, based thereon, must be dismissed.

*Dismissed.*

MAXWELL, JUDGE, concurring:

The phase of procedural inquiry first arising is whether the writ of error was improvidently awarded by the circuit court. Code, 44-2-19, dealing with the reports of commissioners of accounts in respect of matters arising in the settlement of decedents' estates, provides, in part, as follows: "An appeal from the decision of such county court on such report and exceptions and on the supplemental report and exceptions, if there be such supplemental report, may, without any formal bill of exceptions, be taken to the circuit court of the county. The appeal shall be tried and heard in the circuit court, or before the judge thereof in vacation, on the record made before the commissioner and the county court." Code, 58-3-1, provides: "An appeal shall lie to the circuit court of the county from the final order of the county court in the following cases: * * * (e) the appointment and qualification of a personal representative, guardian, or committee, and the settlement of their accounts." Code,

58-3-4, provides: "In any case in which an appeal lies under section one of this article on behalf of a party to a controversy in a county court, such party may present to the circuit court of the county in which the judgment, order or proceeding complained of was rendered, made or had, or in the vacation of such court, to the judge of such court, the petition of such party for an appeal. Such petition shall be presented within four months after such judgment, order or proceeding was rendered, had or made, and shall assign errors. It shall be accompanied by the original record of the proceeding in lieu of a transcript thereof."

The first two statutes quoted establish the right of review of the action of a county court in allowing or disallowing a claim against the estate of a decedent. Though the statutes refer to "appeals" the reviewing procedure is in fact by writ of error. *Ballouz* v. *Hart,* 96 W. Va. 580. The last of the three statutes quoted (Code, 58-3-4) prescribes the procedure for the attainment of such review.

The requirement that the petition for review be filed in the circuit court within four months was complied with in the case at bar, but the record from the county court was not filed in the circuit court until about four months after the writ of error was awarded. The statute requires that the petition "shall be accompanied by the original record of the proceeding in lieu of a transcript thereof."

Though the case of *Ballouz* v. *Hart, supra,* is analogous, I doubt if the conclusion reached there is controlling in a situation such as is here presented because of vital changes in the statute. When that case was decided the statute, Code 1923, chapter 112, section 14, provided that a petition for an appeal (writ of error) to review an order of the county court should be presented to the circuit court, or a judge in vacation, within one year, and that "with such petition there shall be a transcript of the record and proceedings in the county court." It was held that a transcript meant a "copy," and that it was evident the purported transcript did not in fact embrace a copy

of all the proceedings in the case before the county court. The proceeding was dismissed for lack of a proper transcript.

Under the present statute a transcript is no longer required; the original record may be employed. The basis of the *Ballouz* decision was an insufficient transcript, but because of the change in the statute, such problem does not now arise nor can it arise under the statute as it is now written. Therefore, in my judgment, that case loses its potency as a precedent. But, regardless of that case, I think we must hold that the requirement that the county court record be filed in the circuit court within four months must be complied with. This conclusion I would base broadly on the familiar proposition that for a litigant to avail himself of opportunity for review of his cause he must comply with statutory requirements. A right of review "is not as in the case of a suit at common law in the first instance an absolute right, but is one subject to such conditions and restrictions as the statute-law has properly put upon it." *Casanova* v. *Kreusch,* 21 W. Va. 720, 724. Consult: 3 Corpus Juris, p. 297.

The remaining phase of the procedure pertains to the record made up in the county court. It is urged that the record was not properly certified by the clerk of that court so as to identify the papers that were there considered, and therefore the circuit court did not have before it a proper basis for review.

Under proper bill of exceptions, the circuit court has identified the papers which were before it on the review of the case. There is a very high presumption that the papers thus identified are the identical ones that were transmitted to the circuit court by the county court. Among the papers identified by the circuit court and certified is the original report of Beverly Broun, commissioner of accounts. In said report, the commissioner states that he disallowed the claim of Anna B. Miller because she "failed to prove her claim by competent evidence." Further, he states: "Your commissioner is also

attaching to this report the original affidavit of Anna B. Miller, the counter-affidavit of Cantrelle L. Miller, administrator, and the evidence taken in regard to said claim." In addition to the papers in the record purporting to be the said original affidavit and counter-affidavit, there are extended depositions taken under proper notices. In each instance, the caption carries the title of this cause and the statement that the depositions are to be read and considered in connection with the claim of Anna B. Miller against the estate of Harry N. Miller, deceased, pending before Beverly Broun, commissioner of accounts for Kanawha County, West Virginia. In the light of this showing, I am persuaded that if the papers before us had been filed in the circuit court within the statutory period of four months there would be no other bar to our reviewing the case on its merits.

It is with regret I concur in the view that the case must be dismissed because of failure to file the record in the circuit court within four months, but I am more reconciled to that course since my examination of the papers before us. From that examination, I am convinced that the plaintiff in error could in no wise prevail. The claim of the plaintiff in error against the decedent is supported only by her own testimony, which, under Code, 57-3-1, is incompetent unless the inhibition is removed because of testimony introduced on behalf of those interested in the decedent's estate. Two of such witnesses testified, namely, Gertrude May Miller, widow of the decedent, and Marie Miller, a daughter. Their testimony is of a more or less general nature. Neither of them attempts to testify directly in refutation of any phase of the plaintiff's claim. Under settled rules, therefore, I do not think that their testimony operated to remove the statutory bar against the claimant's testimony.

Judge Litz authorizes me to say that he concurs in this note.