IN RE ESTATE OF SALLIE D. KNEEREAM, *Deceased.*

(No. 8506)

Submitted April 21, 1937. Decided June 8, 1937.

*Russell, Hiteshew, Adams & Randolph,* for plaintiffs in error.

*Lee, Blessing & Steed,* for defendant in error.

RILEY, JUDGE:

The plaintiffs in error, Oran C. Ogdin and M. C. Archer, executors of the last will and testament of Sallie D. Kneeream, deceased, obtained in this court a writ of error to a judgment of the Circuit Court of Jackson County entered on June 20, 1936, dismissing as having been improvidently awarded a writ of error from the county court of Jackson County to said circuit court awarded by an order of November 11, 1935.

The decedent, Sallie D. Kneeream, died leaving a will, probated January 27, 1934, in which she named the plaintiffs in error as her executors. The settlement of her estate was referred to Oliver D. Kessel, commissioner of accounts. The defendants in error are claimants against said estate. The commissioner of accounts in his report of June 20, 1935, allowed the claims of defendants in error. Exceptions were duly taken to the finding of the commissioner and his report was confirmed by the County Court of Jackson County on July 9, 1935. On November 8, 1935, plaintiffs in error, by one of their counsel, appeared at the circuit court room of Jackson County within the term of the court, the court not then being in session and the judge thereof being absent from the circuit, and filed with the clerk a petition for a writ of error to said judgment entered by the county court on July 9, 1935, together with what purports to be the original record as made before the commissioner of accounts and said county court. On the same day, said counsel wrote a letter to the judge of said circuit court advising him of the filing of the petition in the Clerk's office. This letter was received by said judge on November 9, 1935. On November 11, 1935, an order was entered awarding to the petitioners named in said petition a writ of error. Thereafter, counsel for the defendants in error appeared before said court and moved that said writ of error be dismissed on the ground that it was awarded

more than four months after the entry of the order of July 9, 1935, as provided by statute. The circuit court then entered an order dismissing said writ of error. From this order, the writ of error was awarded by this Court.

Counsel for defendants in error contend (1) that the record of the proceedings before the commissioner and the county court was not properly authenticated as provided by statute; and (2) that the writ of error awarded by the circuit court from the order of the county court of July 9, 1935, was improvidently awarded for the reason that the petition to the circuit court was not presented to said court within four months from the date of the order of the county court.

Was the record, presented to the circuit court, properly authenticated? The original papers, as they have been presented to this court and are before us, are not attached together and were not indexed by the clerk of the county court. Among such papers, we find the following certificate:

"State of West Virginia

Jackson County, To-wit:

I, B. Cleo Casto, Clerk of the County Court of Jackson County, West Virginia, hereby certify that the foregoing record is the original record of proceedings had before this Court upon exceptions taken by O. C. Ogdin and M. C. Archer, Executors of the Last Will and Testament of Sallie D. Kneeream, deceased, to the report of Oliver D. Kessell, Commissioner of Accounts, including the final order entered by said Court on the hearing of said matter on July 9, 1935. Given under my hand and seal of said Court this the 8th day of November, 1935.

Teste: B. CLEO CASTO,

Clerk of the County Court."

This certificate is a separate instrument and not physically attached to any of the papers. All the papers, together with this certificate, were enclosed in the same envelope and filed together with the petition to, and the orders and opinion of, the circuit court, in the clerk's office of this court.

Counsel for defendants in error say that because no bill of exceptions was taken, under Code, 56-6-36 and 37, a certificate should have been signed by the commissioners of Jackson County, or a majority of them; and that the certificate by the clerk of itself is insufficient. The Code, 58-3-4, specifically provides that a writ of error (erroneously designated in the statute as an appeal, *Ballouz* v. *Hart,* 96 W. Va. 580, 123 S. E. 402; *Williamson* v. *Hays,* 25 W. Va. 609) may be granted upon a petition presented to the circuit court of the county, or the judge thereof in vacation, to a judgment, order or proceeding in a county court within four months after a judgment, order or proceeding rendered by a county court. The petition in such cases shall be accompanied by the original record of the proceedings in lieu of a transcript thereof, and the record may likewise include and the court may consider an agreed statement of facts, and in case the testimony in the proceeding below was not stenographically reported and preserved, a certificate of fact made by the commissioners, or a majority of them, may be considered. In the instant case, the testimony was stenographically reported; therefore, a certificate by the commissioners is unnecessary. The county clerk's certificate, we think, is sufficient to fulfill the provisions of the statute.

Another objection to the record of the county court is that inasmuch as the certificate is not physically attached to the other papers composing the same, that there is no way of determining whether the complete record is here or not. The defendants, however, attempt no showing to the effect that the papers now before this court do not in fact embody the record made before the county court, or that an objection was taken to said record in the circuit court. In the absence of such showing, we assume that the entire record is present, as shown in the certificate.

The last question arising upon this writ of error is: Was the filing of the petition applying for a writ of error and the record in the circuit clerk's office a suf-

ficient compliance with Code, 58-3-4 and 5? These sections read as follows:

> Section 4.—"In any case in which an appeal lies under section one of this article on behalf of a party to a controversy in a county court, such party may present to the circuit court of the county in which the judgment, order or proceeding complained of was rendered, made or had, or in the vacation of such court, to the judge of such court, the petition of such party for an appeal. Such petition shall be presented within four months after such judgment, order or proceeding was rendered, had or made, and shall assign errors. It shall be accompained by the original record of the proceeding in lieu of a transcript thereof. Such original record shall be understood as including all papers filed in the proceeding, certified copies of all orders entered in the proceeding, copies of which are not in the files, and all matters included in bills of exceptions, or certificates in lieu thereof, as provided in section three of this article. The record may likewise include and the court may consider an agreed statement of facts, and, in case the testimony in the proceeding below was not stenographically reported and preserved, a certificate of facts made by such commissioners, or a majority of them."
>
> Section 5.—"If the appeal be allowed, it shall be docketed and the order of allowance shall specify what bond, if any, is required before such appeal shall take effect, and the petition and record mentioned in the preceding section shall be filed with the clerk of the circuit court. * * * ."

In this state, the jurisdiction of an appellate court is largely governed by statute. *Casanova* v. *Kreusch,* 21 W. Va. 720; *Fleshman* v. *McWhorter,* 54 W. Va. 161, 46 S. E. 116; *Miller* v. *Miller,* 117 W. Va. 138, 184 S. E. 246; *Williams* v. *Irvin,* 101 W. Va. 708, 133 S. E. 390. In the case of county courts, the statute (Code, 58-3-4) provides that the petition, together with the record, shall be presented to the circuit court, or to the judge thereof in vacation. The granting of a writ of error by a circuit

court to a judgment, order or proceeding in a county court is largely governed by statute, the provisions of which are mandatory. *Miller* v. *Miller, supra.* The learned trial judge, in his written opinion, took the position that the petition and record shall first be presented to the circuit court, or to the judge thereof in vacation, and that the same shall be filed with the clerk of the circuit court after the granting of the writ of error. His holding follows strictly the provisions of the statute. This statute, however, should be construed in the light of the purposes for which it was adopted. Its definite purpose was to facilitate the appellate review of matters adjudicated in a county court. Within the term of court, we think the filing of the petition and record in the clerk's office is virtually the same as though actually presented in open court. In the instant case, counsel for the plaintiffs in error presented their petition and record within the term of court, though the court was not actually in session. At the time, the judge of the court was outside of the circuit. Counsel for the plaintiffs in error, as to the time in which they presented the papers in the clerk's office, were well within the time prescribed by the statute. We think, under the circumstances, that they took sufficient steps to perfect their application for a writ of error. To hold otherwise would in many instances cause great inequities between parties litigant, resulting in situations not contemplated by the legislature and outside the reasonable construction of the statute.

We therefore reverse the judgment of the circuit court entered on June 20, 1936, and remand this case for further proceedings.

*Reversed and remanded.*