In Re Tax Assessment Against

O. V. Stonestreet, *Agent,* and O. V. Stonestreet

(No. 12195)

Submitted April 30, 1963.          Decided May 21, 1963.

*Clarence M. Rogers, James A. Graham,* for plaintiffs in error.

*Edward B. Simms, Stanley D'Orazio,* Prosecuting Attorney, for defendant in error.

HAYMOND, JUDGE:

This is a proceeding in which the petitioners, O. V. Stonestreet, Agent, and O. V. Stonestreet, seek relief from an assessment for the taxable year 1962 made by the County Court of Calhoun County, sitting as a Board of Review and Equalization, by order entered February 28, 1962, of certain personal property owned by persons represented by O. V. Stonestreet, Agent, consisting of seven separate oil and gas leaseholds located in Lee and Sherman Districts in that county. After the assessor of Calhoun County had made separate assessments of the leaseholds the petitioners applied for relief to the County Court of Calhoun County at sessions held by it during the period February 8 to February 28, 1962, for the purpose of reviewing and equalizing the assessments by the assessor. The county court reduced the valuations determined by the assessor for each of the seven leaseholds involved but refused to accept the valuations submitted to the assessor by the petitioners and instead fixed valuations in excess of those submitted by the petitioners as the true and proper valuations of such leaseholds for assessment purposes. After making the assessment of which the petitioners complain, the county court, sitting as a board of review and equalization, adjourned the term at which the assessment was made. As there is no contention by any party that the petition for an appeal filed March 29, 1962, was not presented to the circuit court within thirty days from the adjournment of the county court, it will be pre-

sumed in this proceeding that on February 28, 1962, the county court adjourned the term at which the order complained of was entered.

The evidence introduced at the various sessions of the county court was taken and transcribed by two different reporters, one of whom, as to the hearings on February 8, 10 and 16, 1962, completed and filed a written transcript in the office of the clerk of the Circuit Court of Calhoun County on May 18, 1962 and the other of whom, as to the hearings held on February 21 and 22, 1962, completed and filed a written transcript in the office of the clerk of the County Court of Calhoun County on April 25, 1962, and this transcript was later filed in the office of the clerk of the Circuit Court of Calhoun County on May 18, 1962.

On March 14, 1962, the petitioners received a certified copy of the order of the county court of February 28, 1962, and on March 17, 1962, gave notice to the prosecuting attorney of Calhoun County that they would make application on March 29, 1962, to the Circuit Court of Calhoun County for relief from the assessment made by the county court. At that time the petitioners appeared before the circuit court at a session held by a special judge, the regular judge being absent, and filed their petition for an appeal from the assessment by the county court and the notice to the prosecuting attorney. As the evidence introduced at the hearing before the county court had not then been transcribed leave was given the petitioners to file such transcript and the accompanying exhibits when it should be completed. The prosecuting attorney of Calhoun County also appeared and filed a motion to dismiss the petition. The matters arising upon the petition, the notice, and the motion to dismiss were continued for hearing until a time to be fixed by the court.

On May 18, 1962, upon the joint motion of the attorneys for the petitioners and the prosecuting attorney, the clerk of the County Court of Calhoun County was required to transfer all papers, records and exhibits in the possession of such clerk relating to the petition for review of the assessment to the office of the clerk of the Circuit Court of Calhoun County. A transcript of a part of the evidence intro-

duced at the hearing before the county court, though not filed, was tendered to the judge.

After informing the attorneys for the respective parties that the matter of the assessment would be given further consideration on June 18, 1962 and advising the attorneys to be present at that time, the Circuit Court of Calhoun County announced its refusal of the petition for relief and by order entered on that day refused to grant the appeal prayed for by the petitioners for the stated reasons that the petition was not accompanied by a bill of exceptions or a certificate in lieu of a bill of exceptions, or by any original record identified or authenticated by any certificate of the county court. To that order this Court granted this writ of error on November 14, 1962, upon the application of the petitioners.

On February 26, 1963, this Court granted the petitioners permission to move to reverse the final order of the Circuit Court of Calhoun County of June 18, 1962, and on April 30, 1963, this proceeding was submitted for decision upon the motion of petitioners to reverse the judgment of the circuit court and upon the written briefs and the oral arguments of the attorneys in behalf of the respective parties.

The petitioners admit that no certified record of the proceedings before the county court accompanied their petition for a review of the assessment and that no such record has been filed in the proceeding. They base their right to a review of the assessment by the circuit court upon the provisions of Section 25, Article 3, Chapter 11, Code, 1931, as amended, and contend that the provisions of that section of the statute do not require a certified record of the proceedings before the county court to be filed until a time is fixed by the circuit court for a hearing of the proceeding on the merits. The petitioners insist that the only requirements of the statute to entitle them to a review by the circuit court are that the petition for review be filed within thirty days from the adjournment of the term at which the assessment was made by the county court and that notice of a hearing of the matter be given to the prosecuting attorney of the county ten days before a hearing upon the petition, and that

it is not essential that the record be certified until a time is fixed by the circuit court for a hearing of the proceeding.

On the contrary the defendants, A. R. Holbert, Jr., Donald W. Morris and Loyd Wright, Commissioners of the County Court of Calhoun County, contend that, although Section 25, Article 3, Chapter 11, Code, 1931, as amended, confers a right of review, the procedure necessary to perfect such review, not being set forth in that section, is prescribed by Sections 3 and 4, Article 3, Chapter 58, Code, 1931, and that the provisions of those sections require that a bill of exceptions, or a certificate in lieu of a bill of exceptions, accompany the petition at the time it is filed, and that the original record of the proceedings in the county court, properly identified and certified, accompany the petition and be filed with it. They assert that inasmuch as the petition, filed in the circuit court on March 29, 1962, was not accompanied by any record, papers or orders, certified in the manner provided by the foregoing sections, the application of the petitioners for a review of the assessment was properly refused by the circuit court by its order entered June 18, 1962.

Section 25, Article 3, Chapter 11, Code, 1931, as amended, to the extent here pertinent, provides that "Any person claiming to be aggrieved by any assessment in any land or personal property book of any county who shall have appeared and contested the valuation * * * may, at any time, up to thirty days after the adjournment of the county court, apply for relief to the circuit court of the county in which such books are made out; but he shall, before any such application is heard, give ten days' notice to the prosecuting attorney of the county, whose duty it shall be to attend to the interests of the state, county and district in the matter, and the prosecuting attorney shall give at least five days' notice of such hearing to the tax commissioner. The right of appeal from any assessment by the county court, as hereinbefore provided, may be taken either by the applicant or by the State, and in case the applicant, by his agent or attorney, or the State, by its prosecuting attorney or tax commissioner, desires to take an appeal from the decision of the county court, the party desiring to take such an appeal shall

have the evidence taken at the hearing of the application before the county court. If there was an appearance by or on behalf of the owner before the county court, or if actual notice, certified by such court, was given to the owner, the appeal, when allowed by the court or judge, in vacation, shall be determined from the evidence so certified."

It is significant that though the foregoing provisions of the statute authorize an appeal for an applicant who applies for a review of the assessment made by the county court to the circuit court within thirty days from the adjournment of the county court for relief from such assessment, and declare that if the owner has appeared before the county court the appeal shall be determined from the evidence before the county court when certified by that court, the provisions of the statute do not prescribe the manner in which such appeal is perfected or the record is prepared and filed in the circuit court.

Sections 1, 2, 3, 4 and 5, Article 3, Chapter 58, Code, 1931, relate to appeals from final orders of the county court to the circuit court of the county.

Section 1 of Article 3 provides that an appeal shall lie in the circuit court of the county from the final order of the county court in certain specified matters and "in any other case by law specially provided." Section 2 of the same article provides that "In any case where there may be an appeal under the preceding section and the manner of appeal is not otherwise specially provided by law, the procedure shall be controlled by the provisions in the following sections of this article; and in any case where the manner of appeal is otherwise specially provided, the provisions in the following sections of this article shall apply and control the procedure to the extent that they are applicable and not inconsistent with special provisions." Section 3 of the same article, to the extent here pertinent, provides that "At the trial or hearing of any matter by the county court as to which an appeal will lie under section one of this article, a party may except to any opinion of the court and tender a bill of exceptions to such opinion, which, if the truth of the case be fairly stated therein, shall be signed by the commis-

sioners holding the court, or a majority of them, and the same shall be a part of the record of the case. Or, in lieu of such bill of exceptions, such exception may with like effect be shown by certificate in the manner provided in sections thirty-six and thirty-seven, article six, chapter fifty-six of this Code, signed by such commissioners, or a majority of them. * * *." Section 4 of the same article contains this language: "In any case in which an appeal lies under section one of this article on behalf of a party to a controversy in a county court, such party may present to the circuit court of the county in which the judgment, order or proceeding complained of was rendered, made or had, or in the vacation of such court, to the judge of such court, the petition of such party for an appeal. Such petition shall be presented within four months after such judgment, order or proceeding was rendered, had or made, and shall assign errors. It shall be accompanied by the original record of the proceeding in lieu of a transcript thereof. Such original record shall be understood as including all papers filed in the proceeding, certified copies of all orders entered in the proceeding, copies of which are not in the files, and all matters included in bills of exceptions, or certificates in lieu thereof, as provided in section three of this article." Section 5 of the same article provides that if the appeal be allowed it shall be docketed, that the petition and the record shall be filed with the clerk of the circuit court, and that the petition shall be heard and determined and the appeal shall be decided upon the original record of the proceeding, as defined in the preceding section of the statute.

It is manifest, in the consideration of the quoted provisions of Section 25, Article 3, Chapter 11, Code, 1931, as amended, and the provisions of Sections 1, 2, 3, 4 and 5, Article 3, Chapter 58, Code, 1931, to which reference has been made, that when the party who seeks an appeal has appeared before the county court, as did the petitioners here, the appeal dealt with in Section 25 shall, if allowed, be determined from the evidence taken at the hearing before the county court as certified by that court, and that the petition for review shall be heard and determined and the appeal shall be decided upon the original record of the proceeding

as defined in Section 4 of the foregoing statute. The pertinent provisions of the above mentioned statutes will be read and considered together as they relate to the same subject matter. See *Miller* v. *Miller,* 117 W. Va. 138, 184 S. E. 246. In that case, which involved an appeal from an order of the county court confirming the report of a commissioner of accounts concerning a claim against the estate of a decedent under the provisions of Section 19, Article 2, Chapter 44, Code, 1931, this Court declared that the provisions of that section and of Sections 1 and 4, Article 3, Chapter 58, Code, 1931, should be read together and that such provisions "fall logically into place with each other.". To the same effect is the decision of this Court in *In Re Estate of Edwin A. Durham,* 119 W. Va. 1, 191 S. E. 847. The statutory provisions which relate to and govern appeals from the county court to the circuit court are mandatory and must be complied with and satisfied. *Miller* v. *Miller,* 117 W. Va. 138, 184 S. E. 246; *In Re Estate of Sallie D. Kneeream,* 119 W. Va. 25, 191 S. E. 867.

Under the provisions of Section 2, Article 3, Chapter 58, Code, 1931, in any case in which there may be an appeal from the county court to the circuit court and the manner of appeal is not otherwise specially provided by law, the procedure shall be controlled by the provisions in other sections of Article 3, among which are Section 3, relating to bills of exceptions or certificate in lieu of bills of exceptions, and Section 4, dealing with the petition and the record; and in any case where an appeal is otherwise specially provided, the provisions in those sections shall apply and control the procedure to the extent that they are applicable and not inconsistent with such special provisions. By the special provision of Section 25, Article 3, Chapter 11, Code, 1931, as amended, the petition for a review from the order of the county court must be presented to the circuit court within thirty days after the adjournment of the county court instead of within four months after such order was rendered as provided in Section 4, Article 3, Chapter 58, Code, 1931. In all other respects, however, the provisions of Sections 3, 4 and 5 of Article 3 of the statute apply and the requirements of those sections, being mandatory, must be complied with by

the party who seeks a review in the circuit court. It is, therefore, clear that under the provisions of Section 25, Article 3, Chapter 11, Code, 1931, as amended, and the provisions of Section's 3, 4 and 5, Article 3, Chapter 58, Code, 1931, when the provisions of these statutes are read and considered together, the petition for an appeal from an order of the county court making an assessment in any land or personal property book, when there was an appearance by the owner of such property before the county court and evidence was taken at a hearing in that court, must be presented to the circuit court within thirty days after the adjournment of the county court and the petition must be accompanied by the original record of the proceeding, which record shall include all papers filed in the proceeding, copies of which are not in the files, and all matters included in bills of exceptions or certificate in lieu thereof, as provided in Section 3, and the petition shall be heard and determined and the appeal shall be decided upon such original record.

As previously indicated the applicable statutory requirements are mandatory and, even though the petition for an appeal is filed within the period of thirty days from the adjournment of the county court, if the petition is not accompanied by the original record of the proceeding in the county court and is not filed in the circuit court within the thirty day period, the appeal applied for should be refused by the circuit court. See *Miller* v. *Miller*, 117 W. Va. 138, 184 S. E. 246; *Ballouz* v. *Hart*, 96 W. Va. 580, 123 S. E. 402. The provisions of Section 25, Article 3, Chapter 11, Code, 1931, as amended, governing appeals from the county court to the circuit court of the county from an assessment made by the county court, in which there was a hearing and an appearance by the property owner, and requiring that the application for an appeal be presented in the circuit court within thirty days from the adjournment of the county court by which the order complained of was rendered, and the provisions of Section 4, Article 3, Chapter 58, Code, 1931, requiring that the petition be accompanied by the original record of the proceeding in the county court in lieu of a transcript of such proceeding, are mandatory and will be read and considered together; and when it appears upon review in this

Court that the petition, though presented within the thirty day period, was not accompanied by the original record of the proceeding in the county court and that no record of such proceeding was filed in the circuit court within the limitation of thirty days prescribed by Section 25 of the statute, the appeal applied for must be refused by the circuit court and the writ of error awarded by this Court to the judgment of the circuit court refusing such appeal will be dismissed.

As the action of the circuit court in refusing to grant the appeal sought by the petitioners was clearly right, the motion of the petitioners to reverse the judgment of the circuit court is denied and the writ of error awarded by this Court to the judgment of the circuit court is dismissed.

*Motion to reverse denied;*
*writ of error dismissed.*