STANLEY N. GAINES

*v.*

EARL VERNON HAWKINS, *etc., et al.*

(No. 12788)

Submitted September 9, 1969.    Decided October 21, 1969.

Dissenting Opinion filed November 10, 1969.

*Payne, Minor, Ray, Price & Loeb, Walter C. Price, Jr., John L. Ray,* for appellants.

*Dean E. Lewis,* for appellee.

BERRY, JUDGE:

This case involves a civil action instituted in the Common Pleas Court of Kanawha County by Stanley N. Gaines against Earl Vernon Hawkins and Alice Carrine Hawkins to recover damages for alleged personal injuries to Gaines arising out of an automobile accident which resulted in a verdict in favor of the plaintiff in the amount of $12,500 upon which judgment was entered in the trial court. A petition for an appeal was filed by the defendants in the Circuit Court of Kanawha County which was granted on November 6, 1967 and provided that it should not become effective until a bond was given before the clerk of that Court in the penalty of $15,000. The bond was later reduced to $10,000 purportedly under the provisions of Code, 58-5-14, as amended, because of the insurance coverage involved. On motion of the appellee the Circuit Court on June 18, 1968 dismissed the appeal heretofore awarded for lack of jurisdiction because the bond required by the order allowing the appeal was filed in the Circuit Court instead of the trial court as required by the statutes pertaining to such matter, which are Code, 58-4-13 and 14. Upon application to this Court an appeal and supersedeas were granted on December 2, 1968 and the case was submitted for decision on briefs filed by

the parties and arguments by counsel for the appellee at the September Regular Term, 1969, the brief of the appellant not having been timely filed in accordance with Rule VI, Section 1, as amended, of the Rules of Practice in the Supreme Court of Appeals.

The sole issue involved in this appeal is whether the defendants gave the required bond dated December 11, 1967 before Lewis A. Hatcher as Clerk of the Court of Common Pleas or as Clerk of the Circuit Court. This is the issue stated in the brief of the appellants which was raised by motion of the appellee to dismiss the appeal and supersedeas granted by the Circuit Court for lack of jurisdiction by virtue of appellants not having complied with the provisions of Code, 58-4-11, 12, 13 and 14 and various court rules related to these matters.

It is the contention of the appellants that the bond involved herein was filed in the proper court as required by the statutes because "The bond given before him was signed only 'Lewis A. Hatcher, Clerk,'" and during the period involved in this litigation Lewis A. Hatcher was Clerk of both the Circuit Court and the Common Pleas Court by virtue of an Act of the Legislature, 1915, creating the Common Pleas Court of Kanawha County. It is also contended that when the action was instituted in the Common Pleas Court it was designated as Civil Action 8851-C thus clearly showing it was an action in the Common Pleas Court and that this number appeared on the face of the bond, therefore identifying the bond as having been given before the clerk of the Common Pleas Court. The appellants contend that when the bond was presented it was the statutory duty of Hatcher who was Clerk of both Courts to file the bond in the Common Pleas Court. Regardless of the duty of the Clerk it is the responsibility of the parties to comply with the laws in connection with the trial or appeal of any case and the record in this case shows that the bond was filed by direction in the wrong Court which gave rise to the jurisdictional question involved in this case.

The bond filed before Lewis A. Hatcher, Clerk, clearly had a certificate attached to it signed by Lewis A. Hatcher as Clerk of the Circuit Court of Kanawha County. The original record filed in this Court shows that the order entered by the Judge of the Circuit Court granting the appeal required the defendants to file the bond in the amount of $15,000 "before the clerk of this Court" in order to make the appeal effective. Admittedly the order was erroneous in specifying the wrong court but it was "presented by counsel for the defendants" and "inspected by counsel for the plaintiff." The original bond is found with the papers filed in the Circuit Court and is styled "Bond in Circuit Court of Kanawha County, West Virginia".

It also appears from the original record that the sworn statement required in order to reduce the bond where insurance is involved was filed in the Circuit Court Clerk's Office on December 7, 1967 and not with the Clerk of the Common Pleas Court as required by Code, 58-5-14, as amended.

The original record does not show that any process, either by a summons or by court order in lieu thereof endorsed with date returnable, was ever served on the interested parties, as required by Code, 58-4-11, nor as required by Code, 58-4-12, that there was an endorsement by the Clerk of the Circuit Court on either a summons or a certified copy of the court order in lieu thereof that the bond required by Code, 58-4-13, would not be effectual until it was given before the Clerk of the Common Pleas Court with good personal security. Furthermore, there was no endorsement by the Clerk of the Common Pleas Court on said summons or a certified copy of the court order in lieu thereof that the bond had been given and listing names of sureties thereon, as required by Code, 58-4-12, nor was a certified copy of the bond forwarded to the Circuit Clerk as required by Code, 58-4-12.

Code, 58-4-15, provides that no appeal shall be heard in the Circuit Court until all proper process has been

served as provided for by Code, 58-4-11, and all bonds have been taken as provided by Code, 58-4-13.

Code, 58-4-14 provides that the appeal, writ of error or supersedeas shall be dismissed whenever it appears that four months have elapsed since such date before the record is delivered to the circuit clerk, or that two months have elapsed since the date when the appeal, writ of error or supersedeas was granted before such bond is given before the clerk of the Common Pleas Court as required by Code, 58-4-12.

It appears from the original record in this case that the bond required to be filed with the Clerk of the Common Pleas Court was never filed with the Clerk of that Court and that more than two months had elapsed since the date the appeal was granted. The provisions of Chapter 58, article 4 of the Code of West Virginia, with regard to this matter are mandatory and jurisdictional. *Scott* v. *Coal & Coke Railroad Company,* 70 W. Va. 777, 74 S. E. 992; *Elite Laundry Co.* v. *Dunn,* 126 W. Va. 858, 30 S. E. 2d 454. In the *Elite Laundry Co.* case it was held by this Court that where a petition for an appeal or writ of error was timely filed within four months with the Clerk of the Common Pleas Court of Kanawha County but was not filed with the Clerk of the Circuit Court within the four months period required by Code, 58-4-4 the appeal should be dismissed as such filing was jurisdictional. In that case, as in this case, the Clerk of the Common Pleas Court and the Clerk of the Circuit Court of Kanawha County was the same individual but in that case, as in this case, there were two separate courts and the filing of the petition for a writ of error with the Clerk of the Common Pleas Court was not a filing of the petition with the Clerk of the Circuit Court.

In the case at bar the filing of the bond with the Clerk of the Circuit Court is not a filing of a bond with the Clerk of the Common Pleas Court. It was held in the *Scott* v. *Coal & Coke Railroad Co., supra,* case that the failure to perfect an appeal by giving the bond specified

within the time required, which is now two months from the date the appeal, writ of error or supersedeas was granted makes it mandatory for the appellate court under Code, 58-4-14 to dismiss the appeal, writ of error or supersedeas.

It is true that the order granting the appeal and ordering the bond in question to be filed before the clerk of the Circuit Court was presented by the attorney for the defendants and inspected by the attorney for the plaintiff and entered by the judge granting the appeal. However, jurisdiction can never be conferred by either the court or the parties by consent or waiver. 11 M. J., Jurisdiction, §2; *Blanchard* v. *Twin City Market,* 157 Va. 13, 160 S. E. 310; *Boggs* v. *Settle,* 150 W. Va. 330, 145 S. E.2d 446.

The judgment of the Circuit Court dismissing the appeal for lack of jurisdiction is affirmed.

*Affirmed.*

CALHOUN, JUDGE, dissenting:

Respectfully, I dissent because I believe that the decision embodied in the majority opinion is unsupported by proper precedent and contrary to law, common sense, reason and justice. I believe also that the Court in this case has sacrificed substance, justice and reason for the sake of a slavish adherence to empty technicality.

Following the decision in *Pettry* v. *The Chesapeake and Ohio Railway Company,* 148 W. Va. 443, 135 S. E.2d 729, R.C.P. 1 was amended so as to place therein the italicized portion of the following language: "These rules govern the procedure in all trial courts of record in all actions, suits, or other judicial proceedings of a civil nature whether cognizable as cases at law or in equity, *and in any appellate review of such actions, suits, or other judicial proceedings,* with the qualifications and exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action." It is clear, therefore, that proceedings for appellate review by the circuit court of the judgment of the

trial court in this case are embraced by the rule quoted above in its amended form and that all pertinent portions of the Rules of Civil Procedure, including Rule 1, should have been applied by the circuit court and must be applied by this Court on appeal so as to secure a "just" determination of the civil action involved in this case. R.C.P. 61, dealing with the subject of harmless error, is as follows:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. *The Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.* (Italics supplied.)

R.C.P. 60 (a) is as follows:

> *Clerical Mistakes.*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court. (See Lugar & Silverstein, W. Va. Rules, page 461 et seq. for notes and comments relative to the language quoted immediately above.)

Adherence to the doctrine of harmless error has been firmly enjoined upon this Court and upon all trial courts of record of this state by statute, court rules and numerous court decisions. *State Road Commission* v. *Bowling,* 152 W. Va. 688, 697, 166 S. E.2d 119, 125. This salutary rule of law, I believe, has been flagrantly disregarded by the Court's decision in this case.

In a case involving the same trial court and the same circuit court as the courts involved in this case, this Court held that it would regard as harmless certain procedural irregularities in connection with the appeal to the circuit court which did not affect "the substantial rights of the parties". *Boggs* v. *Settle,* 150 W. Va. 330, pt. 2 syl., 145 S. E.2d 446. The Court there (150 W. Va. at 336, 145 S. E.2d at 450) made a distinction between the mandatory, jurisdictional requirement of R.C.P. 59(b) that a "motion for a new trial shall be served not later than 10 days after the entry of the judgment" and mere procedural provisions of R.C.P. 5(d).

I believe that all prerequisites to appeal which have been held by this Court previously to be jurisdictional in character and which, therefore, in various situations, have required dismissals of appeals as having been improvidently granted, have involved elements of time as distinguished from mere procedural irregularities. Code, 1931, 2-2-3 prescribes a precise method by which the "time within which an act is to be done shall be computed." Wholly aside from that statute, it is obvious that sixty days does not mean sixty-one days; four months cannot be held to mean four months and one or more additional days; and that eight months means eight months and no more.

This Court has recognized in innumerable cases that various appellate procedures are wholly statutory, that a court, acting in an appellate capacity, can have and exercise only such appellate jurisdiction as is conferred upon it by statute and that various time periods prescribed by statute as prerequisites to appellate jurisdiction are mandatory and jurisdictional in character. Such time periods are mandatory and jurisdictional because a specified, precise time period must be regarded as unambiguous and not subject to judicial construction. Now, for the first time, I believe, this Court has placed a mere procedural irregularity in the same harsh category. In making this decision, the Court has not paused

to consider whether the procedural irregularities involved in this case were matters of substance or whether the rights of a party have been prejudiced thereby.

The four-months period prescribed by Code, 1931, 58-4-4, as amended, for appeal, as in this case, to a circuit court from a trial court of record of limited jurisdiction is regarded as mandatory and jurisdictional. *State ex rel. Davis* v. *Boles,* 151 W. Va. 221, pt. 2 syl., 151 S. E.2d 110; *Elite Laundry Co.* v. *Dunn,* 126 W. Va. 858, 30 S. E.2d 454. The thirty-day provision of Code, 1931, 11-3-25, as amended, relating to an appeal to a circuit court from a property assessment by a county court is likewise mandatory and jurisdictional. *In Re Tax Assessment,* 147 W. Va. 719, 131 S. E.2d 52. Code, 1931, 3-7-7, as amended, prescribing a three-months period from the date of an election within which a county court may consider an election contest is mandatory and jurisdictional. *Qualls* v. *Bailey,* 152 W. Va. 385, pt. 1 syl., 164 S. E.2d 421. Code, 1931, 58-3-4, requiring that a petition for appeal from a county court to a circuit court be presented within four months is mandatory and jurisdictional. *In Re Tax Assessment,* 147 W. Va. 719, 726, 131 S. E.2d 52, 56; *Miller* v. *Miller,* 117 W. Va. 138, 184 S. E. 246. The eight-months period for appeal from a circuit court to this Court is mandatory and jurisdictional. *Sothen* v. *Continental Assurance Co.,* 147 W. Va. 458, 128 S. E.2d 458. In cases in which bills of exception or certificates in lieu thereof were required, "the failure to obtain such bill or certificate within the time prescribed is jurisdictional and may be raised by this Court on its own motion." *Pyles* v. *Coiner,* 152 W. Va. 473, pt. 3 syl., 164 S. E.2d 435. See also *Pozzie* v. *Prather,* 151 W. Va. 880, 157 S. E.2d 625. The jurisdictional prerequisites to a valid appeal were discussed generally in *State* v. *Legg,* 151 W. Va. 401, 406-07, 151 S. E.2d 215, 219.

The final judgment of the trial court was entered on July 14, 1967. The petition for appeal to the circuit court was duly filed on September 27, 1967, well within the

four-months appeal period. By an order entered on November 6, 1967, still within the four-months period, the circuit court entered an order granting "a writ of error" and supersedeas. The record of the circuit court provided that "before the supersedeas shall become effective the defendants, or someone for them, shall give bond *before the Clerk of this Court* in the penalty of $15,000 conditioned according to law, *with surety to be approved by the said Clerk.*" (Italics supplied.) Counsel representing the plaintiff and counsel for the defendants indicated their approval of the order by their respective signatures on the original order. The judge of the circuit court, by his signature, directed the entry of the order as an order of the circuit court.

The penalty of the bond was thereafter reduced to $10,000 by an order entered by the judge of the circuit court. A proper bond in the penalty of $10,000 was approved on December 11, 1967, the approval being indicated by a signature as follows: "Lewis A. Hatcher, Clerk", the word "Clerk" being a part of the printed form of the bond. It is conceded that, by reason of an act of the legislature, the clerk of the circuit court is ex officio clerk of the court of common pleas. The clerk, therefore, serves and acts in a dual capacity in his offices in the county courthouse.

Appearing at the top of the bond, as a part of the printed form, is the following language: "BOND IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA". The bond bears further language as follows: "CIVIL ACTION NO. 8851-C". That is the number assigned to the action in the trial court. The condition of the bond is prefaced by the following language: "That Whereas, Earl Vernon Hawkins and Alice Carrine Hawkins have, upon petition, obtained from the Circuit Court of Kanawha County, West Virginia, a Writ of Error & Supersedeas from a Judgment of the Court of Common Pleas of Kanawha County, rendered on the 14th day of July, 1967, in a suit therein lately pending, wherein Stan-

ley N. Gaines, was plaintiff and Earl Vernon Hawkins and Alice Carrine Hawkins were defendants." By an order entered by the circuit court on June 18, 1968, the appeal was dismissed, on motion of the plaintiff, "for lack of jurisdiction" for reasons assigned in the circuit court's written opinion which, by the order, was made a part of the record. The written opinion contains the following language:

> Counsel for the appellant contend that the bond given on December 11, 1967 was actually given before the Clerk of the Court of Common Pleas, despite the fact that the caption on the printed form stated that it was a 'Bond in Circuit Court of Kanawha County, West Virginia.' Counsel argue that more weight should be given to the civil action number assigned to the case in the Court of Common Pleas, and to the other recitals of the instrument, than to the caption. While it is true that the civil action number recited on the bond (8851-C) may indicate that the action was originally brought in the Court of Common Pleas, that, in my opinion, is no indication that the bond was given before the Clerk of that Court. The only indication of the description of the court for which the Clerk was acting at the time the bond was given is the caption on the bond which clearly designates the Circuit Court. Also, I find no merit in the applicant's contention that under the statute requiring that the bond be filed with the clerk of the court of limited jurisdiction, by assuming the clerk would properly perform his official duties, that the bond should be deemed filed with the Clerk of the Court of Common Pleas. I find no duty on the part of the Clerk to determine in which court the bond is to be filed. Moreover, the order which I signed on November 6, 1967 ordered that the supersedeas bond be given before the Clerk of the Circuit Court. This order should not have been entered, since it was in conflict with the statute, and although it was inspected by counsel for the appellee, yet it is well established that jurisdiction cannot be conferred by consent. I am, therefore, of opinion that the bond was in fact given before the Clerk of the Circuit Court, not the Clerk of the Court of Common Pleas.

I believe that the bond was in proper form, timely executed, before the proper public official and timely lodged or filed in the proper office in the courthouse. The written opinion states that "it is well established that jurisdiction cannot be conferred by consent." It is true, of course, that both courts had "jurisdiction" of both the subject-matter and of the person. Both had previously assumed and exercised such jurisdiction. The circuit court's order was a consent order. If, as I believe, the irregularity involved in this case was merely procedural and not jurisdictional in nature, the irregularity was waived by absence of objection or the error was invited by counsel for the plaintiff by his approval of the language of the order.

It has not been asserted that the bond is void, a nullity or otherwise invalid. I would hesitate to write and publish before the bench and bar an opinion holding that there could not have been a recovery in favor of the plaintiff against the principal and surety on the bond. So far as I have been able to discern, nobody involved in the case, including counsel, the judge of the circuit court or the members of this Court who joined in the majority opinion, has indicated that the bond itself is improper, invalid or void. If, as I believe, the bond is valid in all respects, then the appellee, the plaintiff in the action, was fully protected by the bond and protection of the plaintiff-appellee is the sole purpose of the bond.

"A paper is filed when delivered to the proper custodian and by him received for the purpose of filing." *Dwight* v. *Hazlett,* 107 W. Va. 192, pt. 1 syl., 147 S. E. 877. The word "file", referring to papers in judicial proceedings, usually means to place them in the custody of the clerk or court or among the court records. "Filing" originally signified placing papers on a thread or wire for safekeeping. *Dawson* v. *Phillips,* 78 W. Va. 14, 17, 88 S. E. 456, 457. See also *In re Estate of Kneeream,* 119 W. Va. 25, 30, 191 S. E. 867, 869; *Forest Glen Land Com-*

*pany* v. *George,* 96 W. Va. 209, pt. 1 syl., 122 S. E. 543; *Darnell* v. *Flynn,* 69 W. Va. 146, pt. 5 syl., 71 S. E. 16; 36A C.J.S., File, page 394 and 396.

The bond is included in the original record in the office of the clerk of this Court. Appended to the original record is the following certificate of the clerk of the circuit court, dated July 30, 1968:

> I, Lewis A. Hatcher, Clerk of the Circuit Court of Kanawha County, State aforesaid, hereby certify that the foregoing are the original papers filed and a complete record of the proceedings had in the within action of Stanley N. Gaines, vs. Earl Vernon Hawkins and Alice Carrine Hawkins, lately pending in said Circuit Court.

So far as I am able to discern, it does not appear whether the bond was placed in the file of the trial court proceedings or whether it was lodged and kept in some place in the clerk's office designated solely for bonds filed in the court of common pleas or for bonds filed in the circuit court. One thing I know is that if anybody were interested in the bond, he should have known to what public official and to what office in the county courthouse he should have gone for information in this respect. There he would have found a valid, enforceable bond. In the absence of evidence to the contrary, it must be presumed that the clerk in this case performed his official duties in conformity with requirements of the law. *State* v. *Professional Realty Company,* 144 W. Va. 652, 662-63, 110 S. E.2d 616, 623.

For reasons stated, I would reverse the final judgment of the Circuit Court of Kanawha County and remand the case with directions to that court to entertain the appeal and decide the case on its merits.