# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Troy Company, Inc.,**
**Petitioner Below, Petitioner**

**vs)  No. 12-0521** (Kanawha County 11-AA-93)

**Craig Griffith, in his official capacity as**
**State Tax Commissioner of West Virginia,**
**Respondent Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Troy Company, Inc., by counsel Steven B. Wiley, appeals the Circuit Court of Kanawha County's "Order Granting Tax Commissioner's Motion to Dismiss for Failure to File Appeal Bond" entered on March 21, 2012. Respondent Craig Griffith, State Tax Commissioner, by counsel L. Wayne Williams, argues in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2009, the State Tax Commissioner issued sixteen penalties to petitioner for engaging in the business of motor fuel distribution in West Virginia without the license required by West Virginia Code § 11-14C-10(a)(8). Pursuant to West Virginia Code § 11-14C-38(a), the penalty for the first offense was $5,000 and the penalty for each of the fifteen subsequent offenses was $10,000, for a total of $155,000. Petitioner denied that it needed a license and filed an appeal with the Office of Tax Appeals ("OTA"). The OTA administrative law judge upheld the penalties.

Petitioner then filed a petition for appeal in circuit court. When a decision of the OTA is appealed, West Virginia Code § 11-10A-19(e) requires the petitioning party to post an appeal bond of not less than the total amount of the tax plus additions to tax, penalties, and interest. However, the statute also provides a procedure for applying to the Tax Commissioner and then to the circuit court for a waiver of the appeal bond requirement. Specifically, West Virginia Code § 11-10A-19(e) provides as follows:

> If the appeal is of an assessment, except a jeopardy assessment for which security in the amount thereof was previously filed with the Tax Commissioner, then within ninety days after the petition for appeal is filed, or sooner if ordered by the

1

circuit court, the petitioner shall file with the clerk of the circuit court a cash bond or a corporate surety bond approved by the clerk. The surety must be qualified to do business in this State. These bonds shall be conditioned upon the petitioner performing the orders of the court. The penalty of this bond shall be not less than the total amount of tax or revenue plus additions to tax, penalties and interest for which the taxpayer was found liable in the administrative decision of the Office of Tax Appeals. **Notwithstanding the foregoing and in lieu of the bond, the Tax Commissioner, upon application of the petitioner, may upon a sufficient showing by the taxpayer, certify to the clerk of the circuit court that the assets of the taxpayer are adequate to secure performance of the orders of the court: Provided, That if the Tax Commissioner refuses to certify that the assets of the taxpayer or other indemnification are adequate to secure performance of the orders of the court, then the taxpayer may apply to the circuit court for the certification.** No bond may be required of the Tax Commissioner.

(Emphasis added.) In lieu of posting a cash or corporate surety appeal bond, petitioner requested that the Respondent Tax Commissioner certify that petitioner had sufficient assets to secure performance without posting bond or, in the alternative, to certify to the circuit clerk that the bond should be set at only $5,000. Respondent refused because petitioner had failed to provide any financial information in support of its application and because petitioner's certificate to transact business in West Virginia had previously been revoked.[1] Respondent filed a motion to dismiss the appeal for failure to post an appeal bond.

Petitioner moved the circuit court to waive the bond, reduce the amount of the bond to $5,000, or reduce it to something much less than $155,000. After a hearing, the circuit court refused to waive the bond and found that a $5,000 bond would be inadequate. However, the circuit court granted petitioner thirty days to provide sufficient financial information for a review as to whether the bond could be lowered.

Thereafter, petitioner submitted a one-page "Financial Statement" along with a certification signed by petitioner's general manager. The statement included a very general overview of the corporation's assets and liabilities, without specific information or supporting documentation. The circuit court held a second hearing on the motion for bond reduction. Although a transcript of the hearing is not included in the record on appeal, petitioner apparently argued that it has an ongoing cash flow, while respondent argued that the one-page balance sheet shows that only about $5,000 would be available to pay this civil penalty. In its order, the circuit court "could not conclude" that petitioner had assets adequate to secure performance. The court found that the circumstances did not warrant a reduction or waiver of the bond. Accordingly, the circuit court granted respondent's pending motion to dismiss the appeal for failure to post an appeal bond.

Petitioner now appeals the dismissal order to this Court. "'Appellate review of a circuit court's order granting a motion to dismiss an appeal . . . is *de novo*.' Syl. Pt. 1, in part, *Lipscomb*

---

[1] Petitioner is a corporation based in Seattle, Washington.

*v. Tucker County Com'n*, 197 W.Va. 84, 475 S.E.2d 84 (1996)." Syl. Pt. 2, *Solution One Mortg., LLC v. Helton*, 216 W.Va. 740, 613 S.E.2d 601 (2005). Furthermore, "'[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *Solution One Mortg., LLC*. This appeal is limited to the appeal bond issue. The propriety of the civil penalty and its amount are not before us.

First, petitioner argues that the circuit court erred by refusing to waive or reduce the bond. We reject petitioner's argument. We have recognized that the failure to post an appeal bond as required by law is a jurisdictional bar to an appeal. *See, Frantz v. Palmer*, 211 W.Va. 188, 194, 564 S.E.2d 398, 404 (2001); Syl., *Gaines v. Hawkins*, 153 W.Va. 471, 170 S.E.2d 676 (1969); Syl. Pt. 1, *Hudgins v. Crowder & Freeman, Inc.*, 156 W.Va. 111, 191 S.E.2d 443 (1972). To avoid posting this appeal bond in the full amount of the civil penalty, West Virginia Code § 11-10A-19(e) allowed petitioner to demonstrate that it possessed adequate assets to secure performance. Petitioner failed to make that showing. Petitioner submitted only a one-page financial statement that was very rudimentary, lacked any supporting documentation, and did not indicate by whom it was prepared or whether it complied with generally-accepted accounting principles. Even accepting this financial statement on its face, the statement did not show that petitioner had sufficient assets to pay the civil penalty if petitioner did not prevail on appeal. Moreover, the record on appeal does not indicate whether petitioner attempted to obtain a bond from a corporate surety.

Second, petitioner argues that the appeal bond requirement of West Virginia Code § 11-10A-19(e) does not even apply in this case. This statute begins with the language, "[i]f the appeal is of an assessment[.]" *Id.* Petitioner argues that this case involves civil penalties for allegedly distributing fuel without a license, not an assessment of unpaid taxes. We find no merit to petitioner's argument. These civil penalties were issued pursuant to West Virginia Code § 11-14C-38, and subsection (b) of this statute expressly states that "[c]ivil penalties prescribed under this section shall be assessed, collected and paid in the same manner as the motor fuel tax." The Legislature clearly intended for civil penalties to be treated in the same manner as unpaid taxes.

Third, petitioner argues that the imposition of any bond violates its rights to equal protection, due process, and access to the courts. Petitioner contends that although the penalties herein are labeled as "civil penalties," they are more akin to criminal penalties that retroactively punish a business for its conduct—as opposed to civil penalties that are intended to deter future conduct. Petitioner asserts that bond requirements cannot be used to prevent a criminal defendant from appealing. We find this argument to be unavailing. The Legislature expressly identified these penalties as "civil penalties" in West Virginia Code § 11-14C-38. Moreover, the obvious purpose of these penalties is to deter persons or entities from engaging in a motor fuel business activity without a license.

Finally, petitioner argues that the appeal bond should be no higher than $5,000, the penalty for a single violation. Petitioner argues that the Tax Department was aware that petitioner had a contract to distribute fuel to a customer in West Virginia, and was aware that a third-party was making the deliveries on petitioner's behalf, thus respondent should have taken action after the first alleged violation. Upon our review of the appellate record, we find

insufficient evidence to support petitioner's allegation that the Department knew, but essentially ignored, petitioner's conduct as it was occurring. The only evidence in the appellate record on this issue is a self-serving affidavit signed by petitioner's general manager *after* the appeal was filed in circuit court. Because the OTA record is not included in the appellate record, we cannot determine whether this issue was addressed in the evidentiary hearing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4