# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas I. Palley,**
**Petitioner Below, Petitioner**

**FILED**

January 30, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)    No. 14-0686** (Tucker County 14-P-6)

**Tucker County Commission**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas I. Palley, appearing *pro se*, appeals the order of the Circuit Court of Tucker County, entered July 14, 2014, that dismissed his appeal from a decision of Respondent Tucker County Commission, sitting as the Board of Equalization and Review, because petitioner failed to file the record before the board with the circuit court. Respondent, by counsel Raymond K. LaMora, III, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns real property at 105 North Point Woods in Tucker County, West Virginia. According to petitioner, the Tucker County Assessor ("Assessor") valued his property at $344,200.00, for the 2014 tax assessment, which represented a 42.8% increase from the Assessor's previous valuation. Petitioner challenged the Assessor's 2014 assessment before respondent in its capacity as the Board of Equalization and Review. Following a hearing, respondent upheld the assessment on March 5, 2014.

On March 31, 2014, petitioner appealed respondent's decision to uphold the assessment to the circuit court. Respondent filed a motion to dismiss. On July 11, 2014, the circuit court dismissed petitioner's appeal pursuant to West Virginia Code §§ 11-3-24 and 11-3-25,[1] and *Tax*

---

[1] West Virginia Code § 11-3-24 delineates respondent's powers and duties as the Board of Equalization and Review, including the right of a taxpayer to appeal the board's decision (with reference to West Virginia Code § 11-3-25). *See* W.Va. Code § 11-3-24(j). West Virginia Code § 11-3-25 sets forth the procedure for reviewing the board's decision, including the requirements that the appeal—and the record that was before the board—each must be filed with the circuit court by certain deadlines. *See* W.Va. Code §§ 11-3-25(a) and (b).

*Assessment Against Purple Turtle, LLC v. Gooden*, 223 W.Va. 755, 679 S.E.2d 587 (2009) (reaffirming prior case law interpreting West Virginia Code §§ 11-3-24 and 11-3-25), under which a party appealing a decision of a Board of Equalization and Review must both (1) file his appeal; and (2) file the record before the board with the circuit court by the time set forth in West Virginia Code § 11-3-25.[2] It is undisputed that petitioner did not file the record before the board with the circuit court.

Petitioner now appeals the circuit court's July 11, 2014, dismissal order. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac Buick, Inc.,* 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995).

On appeal, petitioner argues that this Court should reconsider its prior decisions that have interpreted West Virginia Code §§ 11-3-24 and 11-3-25 as requiring a party to both (1) file his appeal; and (2) file the record before the board with the circuit court by the time set forth in West Virginia Code § 11-3-25.[3] Respondent counters that a similar request to revisit prior holdings was made and rejected by this Court in *Purple Turtle*. In *Purple Turtle*, we found that the taxpayers did not perfect their appeal to the circuit court, concluding as follows:

> . . . [W]e find no justification for deviation from the methodology established by statute and solidified by *Rawl Sales[and Processing Co. v. County Comm'n*, 191 W.Va. 127, 443 S.E.2d 595 (1994)] and *In re Stonestreet*[, 147 W.Va. 719, 131 S.E.2d 52 (1963)]. Where . . . such record is not provided within thirty days, the appeal has not been properly perfected and must be refused. Based upon that standard, we hold that the Taxpayers' appeal in the present case should have been refused due to their failure to comply with mandatory statutory jurisdictional requirements.

223 W.Va. at 762, 679 S.E.2d at 594 (Footnote omitted.) Thus, we determine that petitioner failed to perfect his appeal to the circuit court by not filing with the court the record before the board as is required by West Virginia Code §§ 11-3-24 and 11-3-25. Therefore, we conclude that the circuit court did not err in dismissing petitioner's appeal.

For the foregoing reasons, we affirm.

---

[2] In 2010, the Legislature amended West Virginia Code § 11-3-25 to permit the taxpayer to file the record before the board "within thirty days after the petition for appeal is filed." W.Va. Code § 11-3-25(b).

[3] In addition, petitioner challenges West Virginia Code § 11-3-25's requirement that the taxpayer's appeal generally must be determined on the basis of the record made before the board and also argues the merits of his appeal of why he believes the Assessor's assessment of his property was erroneous. We do not address these additional arguments because the circuit court correctly dismissed petitioner's appeal for a failure to file the record. *See* Discussion, *infra.*

Affirmed.

**ISSUED:** January 30, 2015

**CONCURRED IN BY:**

**Chief Justice Margaret L. Workman**
**Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry**

3