# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Morgantown Mall Associates Limited Partnership
and Rural King Realty, LLC,
Plaintiffs Below, Petitioners**

**FILED**

**September 1, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No.  16-0835** (Monongalia County 13-C-798)

**The City of Westover, and
County Commission of Monongalia County,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners, Morgantown Mall Associates Limited Partnership and Rural King Realty, LLC,[1] by counsel John Philip Melick, appeal two orders of the Circuit Court of Monongalia County regarding the annexation of about 102 acres of petitioners' real property by Respondent City of Westover ("Westover"). In the first order, dated July 31, 2015, the circuit court found it did not have jurisdiction to rule on petitioners' petition for writ of error to review an order by Respondent County Commission of Monongalia County (the "Commission") that approved the annexation. In the second order, dated August 29, 2016, the circuit court granted judgment on the pleadings to Westover and thereby issued a declaratory judgment in favor of Westover.  The latter order also dissolved a preliminary injunction granted to petitioners soon after they filed this action. Respondent Westover, by counsel Timothy P. Stranko, Matthew D. Elshiaty, and Lindsay M. Gainer, filed a response. Respondent Commission, by counsel Phillip M. Magro, also filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] This appeal was filed on November 8, 2016, by Petitioner Morgantown Mall Associates Limited Partnership and then-Petitioner Morgantown Commons Limited Partnership. Thereafter, Rural King Realty, LLC purchased the Morgantown Commons Limited Partnership's real estate that is part of the acreage subject to the annexation at issue in this appeal. On July 10, 2017, Petitioner Morgantown Mall Associates Limited Partnership, the Morgantown Commons Limited Partnership, and Rural King Realty, LLC, by counsel John Philip Melick and Heather H. Gentile, filed a motion to substitute Rural King Realty, LLC for the Morgantown Commons Limited Partnership. The Court granted that motion on August 14, 2017.

1

Westover sought to annex 102 acres of developed, commercial property owned almost entirely by petitioners. Its first two attempts were unsuccessful. However, on Westover's third attempt, the Commission granted Westover's annexation petition by final order entered October 2, 2013, and thereby annexed the acreage via a "minor boundary adjustment" under West Virginia Code § 8-6-5.

On October 17, 2013, petitioners responded with a "Verified Complaint for Injunctive and Declaratory Relief and Petition for Writ of Error." As this title suggests, petitioners sought three forms of relief: an immediate injunction to stop the annexation until the circuit court could rule on the merits; a writ of error that the Commission's order was unenforceable; and a declaratory judgment that the annexation statutes are unconstitutional. On December 2, 2013, the circuit court entered an "Order Granting Temporary Restraining Order and Preliminary Injunctive Relief" to petitioners which preliminarily enjoined Westover from exercising municipal authority over petitioners' properties.

By order entered July 31, 2015, the circuit court found that it did not have jurisdiction over petitioners' petition for a writ of error because petitioners failed to comply with state law regarding writs of error. Specifically, the circuit court found petitioners failed to timely file a bill of particulars as required by West Virginia Code § 58-3-3, and failed to timely submit an original record of the proceedings as required by West Virginia Code § 58-3-4.[2] However, the circuit court did not rule on petitioners' request for declaratory relief.

Petitioners appealed the July 31, 2015, order to this Court (No. 15-0861). By order entered September 4, 2015, we refused to docket the appeal on the ground that the July 31, 2015 order was not a final appealable order.

On October 1, 2015, Westover filed a motion to dismiss or, in the alternative, a motion for judgment on the pleadings that addressed petitioners' remaining claims for injunctive and declaratory relief. Further, on March 16, 2016, Westover filed a motion to dissolve the December 2, 2013, "Order Granting Temporary Restraining Order and Preliminary Injunctive Relief."

Following various hearings, on August 29, 2016, the circuit court granted Westover's motion for judgment on the pleadings and declined to grant a declaratory judgment in favor of petitioners. Specifically, the circuit court found that: (1) Westover did not unlawfully scheme to

---

[2] Despite finding it had no jurisdiction with regard to petitioners' petitioner for writ of error, the circuit court, "for the sake of thoroughness," addressed the grounds petitioners raised in that petition and found as follows: (1) the Commission did not abuse its broad discretion in determining that Westover's annexation of the 102 acre parcel was a "minor boundary adjustment"; (2) Westover satisfied the threshold requirements for pursuing a "minor boundary adjustment" as opposed to annexation by means of an election or petition of owners under West Virginia Code §§ 8-6-2 or -4; and (3) that the Commission adequately considered and correctly employed the seven factors found in West Virginia Code § 8-6-5 in approving annexation by a minor boundary adjustment.

2

annex petitioners' real property; (2) that West Virginia Code § 8-6-5 is not void for vagueness; (3) that the annexation did not violate petitioners' due process or equal protection rights; (4) that West Virginia Code § 8-6-5 is a proper delegation of legislative authority; and (5) that the subject annexation did not constitute an unlawful taking. The circuit court also dissolved the December 2, 2013, "Order Granting Temporary Restraining Order and Preliminary Injunctive Relief."

Petitioners now appeal both the July 31, 2015, and August 29, 2016, orders.

In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

On appeal, petitioners first argue that the circuit court erred in finding it lacked jurisdiction over their writ of error due to petitioners' failure to timely perfect their petition for judicial review of the county commission's order.

West Virginia Code §§ 8-6-5(i) and -16 provide the circuit court with jurisdiction to review a county commission's final order regarding annexation, but specify that an appealing party must seek review "in accordance with provisions of article three, chapter fifty-eight of this code[.]" *See* West Virginia Code §§ 58-3-1 to -7. West Virginia Code § 58-3-3 requires that an appealing party include a bill of exceptions:

[a]t the trial or hearing of any matter by the county court as to which an appeal will lie under section one of this article, a party may except to any opinion of the court and tender a bill of exceptions to such opinion. . . . Or, in lieu of such bill of exceptions, such exception may with like effect be shown by certificate . . . signed by such commissioners, or a majority of them. . . . A party to any such proceeding, as to which an appeal will lie as aforesaid may avail himself of any error appearing on the record by which he is prejudiced without obtaining a formal bill of exceptions, provided he objects or excepts on the record to the action of the court complained of, and provided it is such a matter as can be considered without a formal bill of exceptions.

Moreover, West Virginia Code § 58-3-4 provides that such an appeal "shall be presented within four months" following the entry of the county commission's order and "shall be accompanied by the original record of the proceeding in lieu of a transcript thereof."

This Court has concluded that the failure to comply with the statutory requirements to perfect the appeal of an annexation order is fatal to the appeal. Moreover, the failure to file a bill of particulars in the appeal of an annexation order is jurisdictional and may be raised *sua sponte*

3

by the court. Syl. Pt. 3, *Pettry v. Chesapeake & Ohio Ry. Co.*, 148 W.Va. 443, 135 S.E.2d 729 (1964).[3] Likewise, an appellant's failure to timely file the required record in an appeal of a county commission's order is fatal to a circuit court's exercise of jurisdiction. Syllabus, *In re Stonestreet*, 147 W.Va. 719, 131 S.E.2d 52 (1963). *Accord*, Syl. Pt. 4, *Tax Assessment Against Purple Turtle, LLC v. Gooden*, 223 W.Va. 755, 679 S.E.2d 587 (2009).

As noted above, the Commission issued its order approving the annexation on October 2, 2013. Thereafter, petitioners timely filed their appeal in the circuit court on October 17, 2013. However, petitioners never filed a bill of particulars. Further, petitioners did not file the original record of the proceedings with their verified complaint or within four months of the Commission's October 2, 2013, decision, i.e., by February 2, 2014. Instead, petitioners filed the original record over thirteen months later, on November 10, 2014. Because petitioners failed to comply with the clear requirements of West Virginia Code §§ 58-3-3 and -4, the circuit court concluded that it lacked jurisdiction and dismissed the petition for a writ of error.

On appeal, petitioners argue that, despite the language of West Virginia Code § 58-3-3, it was not required to file a bill of particulars and, instead, included "thoroughly specified objections" in their petition for a writ of error. As for their failure to timely file the original record of the Commission's proceedings, petitioners argue that they cited to the "video record" in their "Verified Complaint for Injunctive and Declaratory Relief and Petition for Writ of Error." On February 5, 2014, the circuit court required petitioners to submit the original record in writing. Petitioners claim that the video record of the proceedings before the Commission had to be transcribed, reviewed, and assembled. This process took many months due to omissions/errors made by the firm hired by the Commission to transcribe the videos. Therefore, petitioners argue that the circuit court should not have held the delay in the filing of the original record against them.

Respondent Westover concurs with the circuit court's reasoning and highlights that petitioners did not file the required original record until November 10, 2014, more than thirteen months after the Commission entered its October 2, 2013, decision and nine months past the four-month deadline set forth in West Virginia Code § 58-3-4. Respondent Commission counters that petitioners provide no argument or citation to any valid authority that relieved them of the statutory duty to timely perfect their appeal of the Commission's order.

Our analysis centers solely upon the petitioners' failure to timely file the original record before the Commission. In petitioners' brief to this Court, they do not address, in any fashion, whether they provided a video record or any other record to the circuit court within four months of the Commission's order. Instead, petitioners claim that their failure to timely file the original record was due to the circuit court's February 5, 2014, order that the original record be submitted in writing. However, February 5, 2014, was four months *and two days* after the Commission

---

[3] Although Rule 80(f) of the West Virginia Rules of Civil Procedure abolished bills and certificates of exception, we have held that "[t]hey are also not abolished in appeals from county courts when needed on appeal." *Pettry v. Chesapeake & Ohio Ry. Co.*, 148 W.Va. 443, 450, 135 S.E.2d 729, 733 (1944).

4

issued its October 2, 2013, decision granting Westover's annexation petition. Thus, on February 5, 2014, petitioners had already missed the deadline for filing the original record. As noted above, an appellant's failure to timely file the required record is fatal to a circuit court's exercise of jurisdiction. *See Tax Assessment Against Purple Turtle, LLC v. Gooden*, 223 W.Va. at 762, 679 S.E.2d at 594 ("Where the petition for appeal . . . is not accompanied by the record from the proceedings below and such record is not [timely] provided . . . the appeal has not been properly perfected and must be refused.")

Accordingly, we affirm the circuit court's conclusion that it lacked jurisdiction to rule on the petition for a writ of error due to petitioners' "failure to comply with mandatory statutory jurisdictional requirements." *Id.* Because we find that the circuit court lacked jurisdiction with regard to petitioners' petition for writ of error on this ground, we need not address the circuit court's findings with regard to petitioners' decision not to file a bill of particulars.[4]

We now turn to petitioners' challenge of the circuit court's August 29, 2016, order, wherein the circuit court granted Westover's motion for judgment on the pleadings and dissolved its preliminary injunction. In that order, the circuit court concluded: (1) that Westover's annexation was lawful in both objective and execution; (2) that the "annexation by minor boundary adjustment" statute, West Virginia Code § 8-6-5, was not constitutionally void for vagueness; and (3) that the statute did not violate the due process and equal protection rights of the petitioners.

Petitioners first argue that the circuit court should have entered a declaratory judgment and found that Westover improperly contrived the annexation of petitioners' land. Petitioners contend Westover "cut a deal" with a different landowner in order to "corral" petitioners' land into the city as a "fresh source of taxes," and that such an act could never legally qualify as a "minor boundary judgment" under the annexation law, West Virginia Code § 8-6-5.

In Syllabus Point 6 of *Petition of City of Beckley to Annex, by Minor Boundary Adjustment, W. Va. Route 3 Right-of-Way Beginning at Present Corp. Limits*, 194 W. Va. 423, 460 S.E.2d 669 (1995), we found that municipalities have broad authority to engage in minor boundary adjustments:

> In general, a county commission enjoys a broad discretion in exercising its legislative powers in determining the geographic extent of a minor boundary

---

[4] Given that the circuit court did not have jurisdiction over petitioners' appeal, we find that its findings—made "for the sake of thoroughness" in the July 31, 2015, order—are moot. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908). *Accord* Syl. Pt. 1, *Tynes v. Shore,* 117 W.Va. 355, 185 S.E. 845 (1936) ("Courts will not ordinarily decide a moot question.").

adjustment sought by a municipality under W.Va. Code 8-6-5 (1989), so long as a portion of the area to be annexed is contiguous to the municipality.

West Virginia Code § 8-6-5 requires a municipality to establish, at a minimum, seven threshold requirements to properly annex land by a minor boundary adjustment.[5]

The circuit court permitted petitioners the right to limited discovery to develop their theory that Westover abused its discretion during the annexation process. However, the circuit court found that the evidence developed in discovery "fails to demonstrate a 'scheme' . . . and fails to demonstrate or suggest any unlawful action by Westover." Further, the record on appeal supports a finding that Westover met the statutory threshold requirements for a minor boundary adjustment. Specifically, the record supports the finding that the annexation could not have been efficiently accomplished by any other means (such as voluntary annexation) because petitioners

---

[5] West Virginia Code § 8-6-5(f) provides:

(f) In making its final decision on an application for annexation by minor boundary adjustment, the county commission shall, at a minimum, consider the following factors:

(1) Whether the territory proposed for annexation is contiguous to the corporate limits of the municipality. For purposes of this section, "contiguous" means that at the time the application for annexation is submitted, the territory proposed for annexation either abuts directly on the municipal boundary or is separated from the municipal boundary by an unincorporated street or highway, or street or highway right-of-way, a creek or river, or the right-of-way of a railroad or other public service corporation, or lands owned by the state or the federal government;

(2) Whether the proposed annexation is limited solely to a division of highways right-of-way or whether the division of highways holds title to the property in fee;

(3) Whether affected parties of the territory to be annexed oppose or support the proposed annexation. For purposes of this section, "affected parties" means freeholders, firms, corporations and qualified voters in the territory proposed for annexation and in the municipality and a freeholder whose property abuts a street or highway, as defined in section thirty-five, article one, chapter seventeen-c of this code, when: (i) The street or highway is being annexed to provide emergency services; or (ii) the annexation includes one or more freeholders at the end of the street or highway proposed for annexation;

(4) Whether the proposed annexation consists of a street or highway as defined in section thirty-five, article one, chapter seventeen-c of this code and one or more freeholders;

(5) Whether the proposed annexation consists of a street or highway as defined in section thirty-five, article one, chapter seventeen-c of this code which does not include a freeholder but which is necessary for the provision of emergency services in the territory being annexed;

(6) Whether another municipality has made application to annex the same or substantially the same territory; and

(7) Whether the proposed annexation is in the best interest of the county as a whole.

refused to respond to Westover's repeated requests to discuss annexation. Lastly, the record on appeal supports the circuit court's finding that Westover established the seven requirements of West Virginia Code § 8-6-5. Accordingly, we find no error in the circuit court's conclusion that Westover's annexation of petitioners' property was lawful in objective and execution.

Petitioners next argue that West Virginia Code § 8-6-5 is either constitutionally void for vagueness, or is an impermissible delegation of legislative authority. With regard to void for vagueness, petitioners assert that the terms "minor boundary adjustment," "effectively accomplished," and "best interest of the county as a whole" contained in § 8-6-5 are unconstitutionally vague. "As a matter of basic procedural due process, a law is void on its face if it is so vague that persons 'of common intelligence must necessarily guess at its meaning and differ as to its application.'" *Garcelon v. Rutledge*, 173 W.Va. 572, 574, 318 S.E.2d 622, 625 (1984) (quoting *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391 (1926)). Petitioners further assert that the Legislature unconstitutionally delegated its discretion to the counties in annexation matters by using such vague terms.

To succeed in establishing that a civil statute or ordinance is unconstitutionally vague, the entity challenging the statute or ordinance "must demonstrate that the law is impermissibly vague in all of its applications[,]" *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 497 (1982), and establish that the law could never be applied in a valid manner. *United States v. Salerno,* 481 U.S. 739, 745 (1987). However, "every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment." Syl. Pt. 3, in part, *Willis v. O'Brien*, 151 W.Va. 628, 153 S.E.2d 178 (1967). In drafting West Virginia Code § 8-6-5, the Legislature provided county commissions with flexibility to make determinations based upon local concerns. Petitioners have not shown that these terms are vague in all of their applications, or that the Legislature improperly chose these terms to guide the discretion of the counties in weighing questions of local concern. Accordingly, we cannot say that the circuit court erred in finding that West Virginia Code § 8-6-5 is neither impermissibly vague nor the result of an impermissible delegation of legislative authority.

Petitioners' final argument is that West Virginia Code § 8-6-5 violates due process and equal protection considerations. Specifically, petitioners contend that the statute does not provide explicit standards to avoid arbitrary and discriminatory application. Petitioners offer few citations in support of their argument.

In their skeletal constitutional arguments, petitioners' "overlook the fact that 'legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and . . . the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way.'" *Verizon W.Va., Inc. v. W.Va. Bureau of Employ. Programs, Workers' Comp. Div.*, 214 W.Va. 95, 121, 586 S.E.2d 170, 196 (2003) (quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976)). In challenges to economic legislation, "the legislature must be accorded considerable deference under a due process standard." Syl. Pt. 3, *Gibson v. W.Va. Dep't of Highways*, 185 W.Va. 214, 406 S.E.2d 440 (1991). As we stated in Syllabus Point 1 of *State ex rel. Appalachian Power Co. v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965):

7

In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

In West Virginia Code § 8-6-5, the Legislature required county commissions to address an exhaustive list of considerations when resolving annexation questions. For example, the county commission must consider the number of businesses and people in the territory to be annexed; a map of the territory; the impact on police and fire protection, solid waste collection, water sewer and street services; information about fire protection and insurance rates; and the impact of the annexation on the municipality's finances and services. W.Va. Code § 8-6-5(c). A county commission must also consider the contiguous nature of the territory, whether affected parties support or oppose the annexation, and whether the annexation is in the best interest of the county as a whole. W.Va. Code § 8-6-5(f). Moreover, the county commission must give notice and conduct hearings, and allow affected individuals to be heard. In light of these considerations, we reject petitioners' argument that West Virginia Code § 8-6-5 lacks guidelines to preclude arbitrary and discriminatory application. Thus, we concur with the circuit court's finding that petitioners failed to show beyond a reasonable doubt that West Virginia Code § 8-6-5 violates due process and equal protection guarantees.

Accordingly, for the foregoing reasons, we affirm the July 31, 2015, order that found the circuit court lacked jurisdiction to consider petitioners' petition for a writ of error. We also affirm the circuit court's August 29, 2016, order that granted judgment on the pleadings to Westover, rejected petitioners' complaint for declaratory relief, and dissolved the December 2, 2013, order granting petitioners a temporary restraining order and preliminary injunctive relief.

Affirmed.

**ISSUED:** September 1, 2017

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

8